## Osgood *versus* Lansil.

The Court is not bound, unless requested, to give instruction as to the legal correctness of a proposition urged by counsel to the jury.

Where evidence had been given in support of a set-off claim, and a general verdict was rendered for the defendant, (without showing whether the plaintiff had failed to establish *any* claim or whether his demand was balanced by the set-off,) there is no right in the plaintiff to except, that the Judge did not give instruction to the jury *in relation to the cost;* unless such instruction was requested.

Where the Judge refers to the jury a question of law, which he ought himself to decide, there is no ground for exceptions, if it be decided correctly by the jury.

## Blake *versus* Russ.

Where one party is notified by the other party, according to the rules of the Court, to produce any specified books or papers, and they are accordingly produced in Court and examined by the party calling for them; if he then omit to introduce them, they may be used as evidence by the party producing them. The English rule upon that point, adverted to in 1 Greenl. Ev. § 563, is the law of this State.

The ruling upon this point, in *Penobscot Boom Co.* v. *Lamson,* though not called for by the facts of that case, is approved and affirmed.

*Blake,* for the plaintiff.

*McCrillis &amp; Crosby, contra.*

## Gillighan *&amp; al. versus* Tebbetts.

In a suit upon an assigned claim, brought in the name of the assignor for the benefit of the assignee, it is not the right of the defendant to prove declarations, made by the assignor *subsequently to the assignment.*

If, after the dissolution of a copartnership, one of the copartners have assigned to the other his interest in a copartnership claim against the defendant, it is not the right of the defendant, (in a suit upon such claim brought in the name of both copartners for the benefit of the assignee,) to prove declarations, made by the assignor *subsequently to the assignment.*