EUGENE SMITH, as Executor, etc., Respondent, *v.* FREDERICKA RENTZ, Appellant.

The fact that a party to an action, in a proceeding therein for the examination of his adversary before trial, gave notice requiring the latter to produce a book of account in his possession, and that this was done, does not make the book evidence in his favor on the trial, where the same was not used on the examination and no question asked founded upon the entries therein.

*Calvert* v. *Flower* (7 C. & P. 386); *Clark* v. *Fletcher* (1 Allen, 53); *Blake* v. *Russ* (33 Me. 360); *Randall* v. *Chesapeake & D. C. Co.* (1 Har. 284), disapproved.

The rule that the books of a tradesman or other person engaged in business, who keeps no clerk, containing items of account kept by himself in the ordinary course of book accounts, are admissible in his favor against the party against whom the charges are made, after certain preliminary facts are shown, does not apply to books or entries relating to cash items or dealings between the parties.

*Smith* v. *Rentz* (60 Hun, 85), reversed.

(Argued January 27, 1892; decided February 12, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made the first Monday of January, 1891, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Leopold Leo* for appellant. The ledgers were not admissible in evidence. (1 Greenl. on Ev. 652; 2 Phillips on Ev. 537; *Sayer* v. *Kitchen*, 1 Esp. 209; *Kinney* v. *Clarkson*, 1 Johns. 394; *Stalker* v. *Gaunt*, 12 N. Y. 124; *Carrodine* v. *Hotchkiss*, 120 id. 608; *Austin* v. *Thompson*, 45 N. H. 113.) Even if production upon notice and inspection upon the trial made the object produced evidence for either party, that result would not follow upon an examination before trial. To attain that result an order to give an inspection to an adverse party is needed. (*Houseman* v. *Sterling*, 61 Barb. 347; *De Berry* v. *Stanley*, 5 Daly, 412; *Edmonstone* v. *Hartshorne*, 19 N. Y. 9; Code Civ. Pro. §§ 803–809; *Smith* v. *MacDonald*, 1 Abb.

[N. C.] 350.) The admission of the ledgers cannot be sustained under the rule making shop-books evidence. (Cowen's Tr. & Pr. § 1530; *Case* v. *Potter*, 8 Johns. 211; *Vosburgh* v. *Thayer*, 12 id. 461; *Dewey* v. *Hotchkiss*, 30 N. Y. 497; *Irvine* v. *Wortendyke*, 2 E. D. Smith, 374; *Boyer* v. *Sweet*, 4 Ill. 120, 122, 123; *Veiths* v. *Hagge*, 8 Iowa, 163; *Inslee* v. *Prall*, 23 N. J. L. 457; *Conklin* v. *Stamler*, 2 Hilt. 422, 423; *Tomlinson* v. *Borst*, 30 Barb. 42; *Young* v. *Jones*, 8 Iowa, 219.) The learned referee erred in excluding the testimony of the defendant upon the question as to the person who paid the purchase-price of the Forty-fifth street house. (*Lewis* v. *Merritt*, 98 N. Y. 206.) The referee erred in failing to find as a conclusion of law that an account was stated between the defendant and deceased. (*Bottum* v. *Moore*, 13 Daly, 464; *Murphy* v. *Ross*, 7 N. Y. S. R. 182; *Tomlinson* v. *Borst*, 30 Barb. 42.) The learned referee erred in applying the rule that production upon notice and inspection made evidence of the thing produced and inspected, by failing to apply the penalty for a non-production by the plaintiff of the exhibits other than the B's. (Stephens on Ev. § 139.)

*H. B. Closson* for respondent. There was, leaving the books out of consideration, sufficient evidence that the various payments were made either by the defendant's authority or subsequently approved and ratified by her. (*Fassin* v. *Hubbard*, 55 N. Y. 465; *May* v. *Curley*, 113 id. 575; *Bogert* v. *Morse*, 1 id. 377.) The decedent's books are conclusive both upon the *factum* and upon the authorization of every disbursement charged in plaintiff's bill of particulars. (*Olcott* v. *T. R. R. Co.*, 27 N. Y. 546; *Beattie* v. *D., L. & W. R. R. Co.*, 90 id. 643.) The case was wholly barren of evidence that it was ever Mr. Patrick's intention to forgive Mrs. Rentz these obligations, much less that any such intention was ever carried out. (*Grey* v. *Grey*, 47 N. Y. 552.) The defendant failed to make out her alleged defense of an account stated. (*Harvey* v. *W. S. R. Co.*, 13 Hun, 392; *Lockwood* v. *Thorne*, 18 N. Y. 285; *W. M. Co.* v. *Thayer*, 50 Hun, 516.) It

was not error to admit the decedent's ledger in evidence. (*Pendleton* v. *Weed*, 17 N. Y. 72; *Finlay* v. *Chapman*, 119 id. 404; 2 Phillips on Ev. 218, 221; *Furst* v. *S. A. R. R. Co.*, 72 N. Y. 542; Code Civ. Pro. § 809; *Quinn* v. *Lloyd*, 41 N. Y. 349; *Calvert* v. *Flower*, 7 C. & P. 386; *Wilson* v. *Bowie*, 1 id. 8; *Wharam* v. *Routledge*, 5 Esp. 235; *Long* v. *Drew*, 114 Mass. 77; *Clark* v. *Fletcher*, 1 Allen, 53; *Comm.* v. *Davidson*, 1 Cush. 33; *Blake* v. *Russ*, 33 Me. 360; *Penobscot Co.* v. *Lamson*, 4 Shep. 224; *Hurlbert* v. *Hammond*, 41 Mich. 343; *Randell* v. *Chesapeake Co.*, 1 Harr. 233, 284; *E. E. Co.* v. *U. S. E. Co.*, 45 Fed. Rep. 55; *Carradine* v. *Hotchkiss*, 120 N. Y. 608; *McGoldrick* v. *Traphagen*, 88 id. 334; *Orcutt* v. *Hanson*, 70 Ia. 604; *Holcomb* v. *Campbell*, 118 N. Y. 46.) None of the exceptions to the admission of the different exhibits of the plaintiff were well taken. (*Fassin* v. *Hubbard*, 55 N. Y. 465.) None of the exceptions to the exclusion of questions put to defendant were well taken. (*Clift* v. *Moses*, 112 N. Y. 426; *Sayer* v. *Dorr*, 21 N. Y. S. R. 635; *Mills* v. *Kernochan*, 3 id..152; *Richmond* v. *Brewster*, 2 N. Y. Supp. 400; *Campbell* v. *Hubbard*, 16 W. D. 29; *Kerr* v. *McGuire*, 28 N. Y. 446–452; *Wright* v. *Cabot*, 89 id. 570; *Viall* v. *Leavens*, 39 Hun, 292; *Stuart* v. *Patterson*, 37 id. 113; *Koehler* v. *Adler*, 91 N. Y. 657.) It was not error to strike out the defendant's testimony that she saw at various times in Mr. Patrick's safe a bundle of papers belonging to her — the title deeds, receipted bills, etc. (*Adams* v. *Morrison*, 113 N. Y. 152; *In re Smith*, 95 id. 516, 524; *In re Eysamen*, 113 id. 62; *Holcomb* v. *Holcomb*, 95 id. 316.) It was not error not to allow the defendant to state what was written on the outside of the bundle of papers. (*In re Smith*, 95 N. Y. 516.) None of the other exceptions to rulings upon questions of evidence are tenable. (*Sandford* v. *Ellithorp*, 95 N. Y. 48; *Loder* v. *Whelpley*, 111 id. 239; *In re Wilson*, 103 id. 374; *Bigelow* v. *Hall*, 91 id. 145; *Peck* v. *Lake*, 3 Lans. 136; *Tibbetts* v. *Sternberg*, 66 Barb. 201; *Miller* v. *Montgomery*, 78 N. Y. 282, 286; *Pontius* v. *People*, 82 id. 339, 347; 2 Phillips on Ev. 221.)

Andrews, J. The action was brought to recover moneys advanced to and paid out by the plaintiff's testator for the defendant. The complaint alleges that from 1882 to 1887 the testator was the banker and general business agent for the defendant, and that during said years the defendant from time to time deposited moneys with the testator and the latter, as requested by the defendant, from her funds in his hands, and when these were insufficient, from his own, paid her different sums in cash, and also paid taxes and tradesmen's bills for which she was liable, and that there was a balance due the testator on account of such payment of $3,744.75, which the plaintiff claimed to recover. The answer contained a general denial and interposed special defenses. On the trial the plaintiff offered in evidence the ledger kept by the testator containing the items of the alleged account. It was admitted against the objection of the defendant. Evidence was given on the part of the plaintiff independently of the ledger, tending to establish many of the items of the account, but a considerable number of the items for which a recovery was had are supported by the ledger alone. If the ledger was improperly admitted in evidence the judgment must be reversed. It was admitted primarily to establish the items, of which there was no other proof, but its admission may have influenced the referee in passing upon the items of the account, of which it was not the sole evidence. The referee admitted the ledger on the ground that the defendant had, under the Code, examined the plaintiff before trial, and in that proceeding had given notice to the plaintiff to produce the books of the testator, and that upon such notice the plaintiff produced certain books of the decedent, among which was the ledger containing his account with the defendant, which was inspected by the defendant's counsel. The referee held that the ledger was thereby made evidence for the plaintiff. The ledger was not used on the examination, nor were any questions asked founded upon the entries therein.

A similar question was before the second division of this

court in *Carradine* v. *Hotchkiss* (120 N. Y. 608). There the plaintiff, on the request of the defendant's counsel made on the trial, produced a letter and delivered it to the latter, who read it, but did not offer it in evidence. Thereupon, on demand of plaintiff's counsel, the court directed the defendant's counsel to put it in evidence, and in obedience to such direction, to which the defendant's counsel excepted, the letter was read to the jury. When the case came to this court on appeal by the defendant, this ruling was challenged as erroneous. HAIGHT, J., said : " Whatever may have been the ancient rule in England upon the subject, we do not understand that the ruling of the court can be sustained under any rule now existing in England or in this state." But the court being of opinion that the letter did not prejudice the defendant, affirmed the judgment. It is claimed that the decision upon the point of the admissibility of the letter was unnecessary and, therefore, is not binding. The question was properly raised and was decided. Its decision naturally preceded the decision of the subsequent question and the declaration of the court was not *obiter.*

We think, moreover, that the decision in the case accords with the view which has prevailed in the courts of this state and with the practice of the profession. In *Lawrence* v. *Van Horne* (1 Caines, 276), the defendant gave notice to the plaintiff to produce on the trial a certain letter, which the plaintiff refused to do unless the defendant would engage to read it in evidence. The defendant claimed the right to inspect the letter before deciding whether he would read it in evidence. The judge ruled that inspection could not be demanded, except on the terms which the plaintiff imposed. On appeal one of the judges was of the opinion that the ruling was right and that the court could not compel a production of a paper for inspection only. But the point was not decided. In *Kenny* v. *Clarkson* (1 Jo. 385), SPENCER, J., said : " I must not be understood as sanctioning the course adopted at the trial in admitting the paper to be read without proof, because notice had been given to produce it, and it had been called for and

perused.   The case of *Lawrence* v. *Van Horne* (1 Caines,  276)
settles nothing, the then chief justice expressing no decided
opinion on the question, and the rest of the court were equally
divided.   It appears to me that the notice to produce a paper
and calling for its inspection ought to be considered as analo-
gous to a bill for discovery, where most certainly the answer
is not evidence, but for the adverse party.   I think it is our
duty to adopt such a course as will not needlessly drive parties
into equity for discovery."   The doctrine announced by Judge
SPENCER has, so far as our reports show, been acquiesced in
by the courts and the bar of the state without question until
a recent period.

The English rule has not been uniform.   Lord KENYON in
*Sayer* v. *Kitchen* (1 Esp. 209), held that production of a paper
on notice did not make it evidence.   The rule seems to have
been held otherwise by Lord DENMAN in *Calvert* v. *Flower*
(7 Car. & P. 386), and in two or three other *nisi prius* cases,
but without any special examination.   The courts of Penn-
sylvania and New Hampshire hold that production and inspec-
tion alone does not make the paper evidence.   ( *Withers* v.
*Gillespy,* 7 Ser. & Raw. 10 ; *Austin* v. *Thomson,* 45 N. H.
113.)   GIBSON, J., in *Withers* v. *Gillespy,* referring to the
practice on bills of discovery, says : " The reasons drawn
from analogy render the argument almost insuperable."   The
New Hampshire case was decided upon an elaborate exami-
nation of the English and American authorities and contains
the most thorough opinion on the question to be found in
the books.   The courts of Massachusetts, Maine and Dela-
ware seem to have followed the supposed English rule on
the subject.   It was said in the earliest case in Massachusetts
(*Com.* v. *Davidson,* 1 Cush. 33), that it was a mooted point,
whether calling for the books of the opposite party and inspect-
ing them, and doing nothing more, makes the books evidence,
but in *Clark* v. *Fletcher* (1 Allen, 53) the point was decided.
In Maine (*Blake* v. *Russ,* 33 Me. 360), the question was
decided without assigning any reasons, and the ruling in the
Delaware case (*Randall* v. *Chesapeake & D. C. Co.,* 1 Har.

284) was made on the trial, and so far as appears without any examination.

The authorities on the question are divided. But we perceive no reason for departing from the rule as understood in this state. The claim that it gives the party calling for a paper an unfair advantage, if he may inspect it and then decline to put it in evidence, seems to us rather specious than sound. The same objection would lie in case of bills for discovery, but it was the settled rule that an answer, though under oath, was evidence only for the party who obtained it. The party who has in his possession books or papers which may be material to the case of his opponent, has no moral right to conceal them from his adversary. If on inspection the party calling for them finds nothing to his advantage, his omission to put them in evidence does not prevent the party producing them from proving and introducing them in evidence if they are competent against the other party. The party calling for books and papers would be subjected to great hazard if an inspection merely, without more, would make them evidence in the case. That rule tends rather to the suppression than the ascertainment of truth, and the opposite rule is, as it seems to us, better calculated to promote the ends of justice.

The production of books and papers on notice is the voluntary act of the party. If he refuses, it may, as is claimed, authorize the other party to give secondary evidence of their contents, which the party having possession cannot then answer by producing them. But if they contain facts favorable to the other side, they ought to be disclosed, and if production is refused, the party refusing may justly incur the danger of having secondary proof given of their contents.

The claim is also made that the books were competent as original evidence of the entries, under the rule making books of account in certain cases evidence in favor of the party keeping them. We think there is no foundation for this contention. The rule which prevails in this state (adopted, it is said, from the law of Holland), that the books of a tradesman, or other person engaged in business, containing items of account,

kept in the ordinary course of book accounts, are admissible in favor of the person keeping them, against the party against whom the charges are made after certain preliminary facts are shown, has no application to the case of books or entries relating to cash items or dealings between the parties. This qualification of the rule was recognized in the earliest decisions in this state and has been maintained by the courts with general uniformity. (*Vosburgh* v. *Thayer*, 12 Johns. 461.) It stands upon clear reason. The rule admitting account-books of a party in his own favor in any case, was a departure from the ordinary rules of evidence. It was founded upon a supposed necessity and was intended for cases of small traders who kept no clerks, and was confined to transactions in the ordinary course of buying and selling or the rendition of services. In these cases some protection against fraudulent entries is afforded in the publicity which to a greater or less extent attends the manual transfer of tangible articles of property, or the rendition of services, and the knowledge which third persons may have of the transactions to which the entries relate.

But the same necessity does not exist in respect to cash transactions. They are usually evidenced by notes, or writing, or vouchers, in the hands of the party paying or advancing the money. Moreover, entries of cash transactions may be fabricated with much greater safety and with less chance of the fraud being discovered than entries of goods sold or delivered, or of services rendered. It would be unwise to extend the operation of the rule admitting a party's books in evidence, beyond its present limits, as would be the case, we think, if books containing cash dealings were held to be competent. Parties are now competent witnesses in their own behalf. A resort to books of account is thereby rendered unnecessary in the majority of cases.

We think the ledger was erroneously admitted in evidence, and the judgment below should, therefore, be reversed and a new trial ordered.

All concur, except MAYNARD, J., taking no part.

Judgment reversed.