Settle order on notice.

---

### WIMPFHEIMER et al. v. HARRIS et al.

(Supreme Court, Appellate Term. January 21, 1909.)

TRIAL (§ 39*)—RECEPTION OF WRITTEN EVIDENCE.

In an action for the value of goods, where authority of an agent to bind plaintiff sellers was a material issue, it was reversible error to admit, as defendants' exhibit and over their objection, a contract between plaintiffs and a third party, showing that the agency was limited, in view of the court's refusal to permit defendants' counsel to inspect the contract, which was produced at his request, unless he agreed to offer it in evidence.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 39.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Adolph Wimpfheimer and others against Isaac Harris and another. From a judgment for plaintiffs, defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Max D. Steuer, for appellants.

Herbert H. Maass, for respondents.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J. This is an appeal from a judgment rendered in favor of the plaintiffs in an action brought to recover the value of 5 pieces of merchandise, alleged by plaintiffs to have been delivered "on memorandum to defendant, subject to the approval of the defendants, to be returned by them if not accepted and paid for." The defendants set up a counterclaim, alleging that defendants gave an order, which was accepted by plaintiffs, for 100 pieces of merchandise, of which the 5 pieces in question were a part delivery; that plaintiffs subsequently refused to perform the contract as to the remaining 95 pieces, whereby defendants suffered damage to an amount in excess of plaintiffs' claim. Plaintiffs deny acceptance of the order set forth in the counterclaim, and allege that when the order was submitted to them it was rejected by them.

Defendants' evidence was to the effect that the alleged contract was made through an agent of the plaintiffs, one Mr. Strauss, of the firm of Strauss & Schlicting, and the question of the authority of said agent to bind the plaintiff was one of the material questions involved in the case. During the course of the trial defendants' counsel called upon plaintiffs' counsel to produce a certain written contract between the plaintiffs and the firm of Strauss & Schlicting. The contract was produced by plaintiffs' counsel, when the court inquired whether defendants' counsel intended to introduce it. Defendants' counsel stated he wished to read the document before offering it. Plaintiffs' counsel refused to deliver the document to defendants' counsel unless he offered it in evidence. Defendants' counsel asked permission to "look through" the document, and the court refused such permission. The record then states as follows:

"Plaintiffs' Counsel: I ask your honor to have it marked in evidence, on the ground that it is called for by the other side, and, having been produced in response to that call, it is offered in evidence.
"The Court: Mark it in evidence.
"Defendants' Counsel: I object to that as being incompetent, irrelevant, and immaterial. (Objection overruled. Exception to defendants. Paper referred to received in evidence, and marked 'Defendants' Exhibit G.')"

It is contended by respondent that, even if this ruling of the court was erroneous, it was not prejudicial to defendants, inasmuch as the agency had previously been established by competent proof; but, though there had been evidence introduced by plaintiffs' counsel as to the agency of Strauss & Schlicting, the extent of such agency was in dispute. The document admitted established a limited agency, providing that all sales made by the agents should first be submitted to plaintiffs with the name of the proposed purchaser, and such proposed sale should not in any event be consummated unless the plaintiffs approved of the credit, risk, and standing of the proposed purchaser. The judgment rendered by the court shows that this evidence was conclusive in the mind of the court as against the defendant; it having been admitted and marked in evidence as defendants' proof. The admission of such proof was, therefore, prejudicial to defendants' interest, and, in connection with the court's refusal to permit defendants' counsel to inspect the document produced at his request unless he agreed to

offer it in evidence, constituted reversible error.   See Smith v. Rentz, 131 N. Y. 175, 30 N. E. 54, 15 L. R. A. 138.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event.

GILDERSLEEVE, P. J., concurs.   BISCHOFF, J., concurs in result.