(81 Misc. Rep. 239.)

SAAL et al. v. KATZ.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

1. TRIAL (§ 39*)—INTRODUCTION OF DOCUMENTARY EVIDENCE—DUTY TO OFFER IN EVIDENCE.

A party is not bound to offer a book or document in evidence, because it has been produced by the opposite party on the trial at his request or under his subpœna, and has been inspected by him.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 92–98; Dec. Dig. § 39.*]

2. TRIAL (§ 39*)—PRODUCTION OF BOOKS—INSPECTION.

Plaintiffs produced their books on subpœna by defendant; but the court, at plaintiffs' request, refused to allow defendant's attorneys to inspect the accounts in question unless defendant first placed the books in evidence. *Held* that, since the books were admissible in evidence against plaintiffs as admissions, it was error to impose such condition to defendant's right to inspect them.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 92–98; Dec. Dig. § 39.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Nathan Saal and others, copartners doing business as Saal Bros., against Bernard Katz. From a City Court judgment in favor of plaintiffs, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Frank M. Franklin, of New York City, for appellant.

Nathan D. Leiman, of New York City (Manuel Neufield, of counsel), for respondents.

PAGE, J. The action was for goods sold and delivered—the plaintiffs contending that the goods were sold to the defendant and upon his credit, although by his order delivered to third persons; defendant, on the other hand, claiming that he was a broker in the transaction, and that the sales were made to and upon the credit of the third persons, and that the defendant was to receive a commission upon the sales.

[1] The defendant subpœnaed the plaintiffs' books. When they were produced at the trial, plaintiffs refused to allow defendant's attorney to inspect the accounts relating to the transaction in suit, unless the books were first placed in evidence by the defendant. This objection was sustained, and exception duly taken. It is well settled in this state that a party is not bound to offer a book or document in evidence simply because it was produced by the opposite party on the trial, at his request or under his subpœna, and was inspected by him. Carradine v. Hotchkiss, 120 N. Y. 608, 24 N. E. 1020; Smith v. Rentz, 131 N. Y. 169, 175, 30 N. E. 54, 15 L. R. A. 138.

[2] The crucial question in this case was: Upon whose credit were the goods sold? Plaintiffs' books of account were admissible in evidence against them as admissions, and would have had great probative value, should it appear that at the time of the sale and delivery the charge was made against the third persons, and not against the defendant. To impose as a condition to the inspection of the books that they must first be offered in evidence by the defendant deprived him of a right he had, and may have rendered unavailable most important evidence.

The error was therefore prejudicial, and the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.