## KARP v. ADELMAN.

(Supreme Court, Appellate Term, First Department. December 28, 1915.)

TRIAL ☞39—PRODUCTION OF BOOKS—INSPECTION.

 Plaintiff corporation produced its minute book on subpœna by defendant, but the court at plaintiff's request refused to allow defendant's attorney to inspect it, unless defendant first agreed to place it in evidence. *Held* that, since the book was admissible against the plaintiff as admissions, it was error to impose such condition to defendant's right to inspect it.

 [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 92–98; Dec. Dig. ☞39.]

Appeal from City Court of New York, Trial Term.

Action by Louis Karp against Isidore Adelman. From a judgment for plaintiff, and an order denying new trial, defendant appeals. Reversed, and new trial ordered.

Argued November term, 1915, before LEHMAN, BIJUR, and FINCH, JJ.

Boudin & Liebman, of New York City (L. B. Boudin, of New York City, of counsel), for appellant.

Bogart & Bogart, of New York City (John Bogart and Isidore Weckstein, both of New York City, of counsel), for respondent.

FINCH, J. The action is for damages by the plaintiff, an employer, against the defendant, his employé, by reason of the defendant leaving the plaintiff's employ before the expiration of a contract of employment.

The crucial question in this case was whether the plaintiff, by forming a corporation to do business at the same place, had prevented the defendant from carrying out the terms of the contract between them. The plaintiff contended that he still remained in business at the same address, although he was also the president of the new corporation. The defendant, on the other hand, claimed that the plaintiff had practically ceased to do any business himself, and that all the business was done by the new corporation. Upon this issue the defendant subpœnaed the plaintiff to produce the books of the corporation. The defendant's counsel asked permission to examine the minute book of the corporation, preparatory to deciding whether or not he wanted to put it in evidence. The plaintiff's counsel refused to grant the permission unless the defendant's counsel put the book in evidence, and the court sustained plaintiff's counsel, and ruled that defendant's counsel could not look at the book unless he offered it in evidence. This ruling was duly excepted to, and is one of the grounds urged by the defendant on this appeal.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

This question has been settled in favor of the appellant. See Smith v. Rentz, 131 N. Y. 169, 30 N. E. 54, 15 L. R. A. 138; also Saal v. Katz, 81 Misc. Rep. 239, 142 N. Y. Supp. 516. The error may have rendered unavailable most important evidence, and was therefore prejudicial, and the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.