In the Matter of the Application of FREDERICK H. ROGE, Petitioner, for an Order Pursuant to Article 78 of the Civil Practice Act against LEWIS J. VALENTINE, as Commissioner of the Police Department of the City of New York, Respondent, Annulling the Determination of the Respondent in Dismissing Petitioner from the Police Department of the City of New York and Directing that Petitioner Be Forthwith Reinstated.

First Department, December 2, 1938.

*Lawrence Kovalsky* of counsel [*David Goldstein* with him on the brief; *Goldstein & Goldstein*, attorneys], for the petitioner.

*Charles C. Weinstein* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

CALLAHAN, J. Petitioner was dismissed from the New York city police force, having been found guilty of charges, the substance of which is that he received moneys from a lawyer for recommending clients to the lawyer.

The evidence against him consisted entirely of oral testimony given by the lawyer and his clerk, and written entries made in the lawyer's office records and check books. In so far as the witnesses gave testimony in the present proceedings, they denied that any money was paid to the petitioner for recommending clients, but asserted that certain transactions shown in the office records of the lawyer represented loans. Counsel for the department read to the witnesses certain testimony previously given by them in disciplinary proceedings brought against the lawyer. Counsel was content, however, with an admission that such prior testimony had been given, and made no attempt to have the witnesses affirm or deny the statements made in the former proceedings. He now contends that, in view of the provisions of section 343-a of the Civil Practice Act, the trial commissioner's findings might find support in the statements made in the disciplinary proceedings, as distinguished from what was testified to here. Section 343-a was passed to give broader latitude in impeaching one's own witness by permitting proof that such witness had made prior contradictory statements in writing, or under oath. Such prior statements, however, may be received in evidence, not as proof of an issue in dispute, but solely on the question of the witness' credibility. The new statute was recommended by the Judicial Council in its Second Report to the Legislature, made in 1936. In that report, in discussing the former rule against the receipt of impeaching evidence, the council indicated five reasons that were advanced for continuing the old rule. The fifth reason was stated as follows:

" 5. The final reason advanced for the continuation of this rule is that if the rule were to be abolished the jury would consider in its deliberations unsworn testimony if prior contradictory state-

ments were admitted in evidence. This means that instead of evaluating the testimony solely to determine the credibility of the witness, the jury will use the evidence substantively and try to determine which of the contradictory statements is true in deciding the issues of the case. This danger can be sufficiently guarded against by the trial judge in the use of a proper charge to the jury " (pp. 180, 181).

What counsel for the department argues may be done in this case, i. e., use the prior statements substantively, is what the report indicated the courts should guard against. If the section were interpreted otherwise, one might obtain an unsworn written statement concerning a disputed transaction, and by calling the signer as a witness, and proving the writing, have findings made on the basis of the contents thereof, though every witness called denied under oath the facts stated in the writing. Of course, no such use can be made of an impeaching statement. The fact that the prior statements were made under oath would not alter the case. Prior statements by one's own witness may be called to the witness' attention for the purpose of refreshing his recollection, or received in evidence to impeach his present testimony, but when so received may not be used substantively. The new statute was not passed to obviate the necessity for producing affirmative sworn testimony concerning the facts at issue. Therefore, except in so far as the witnesses affirmed the facts previously testified to, their prior testimony could be used only to affect their credibility.

In addition, we find that much of the documentary evidence was improperly received. The one check indorsed by petitioner and those which the evidence showed came into petitioner's possession were competent. But the remainder of the documentary evidence, consisting of entries made by the lawyer or his clerk on cards kept as office records, and notations on check stubs, were, in our opinion, improperly received. These entries were received over petitioner's objections. The theory was that they became competent because of the provisions of section 374-a of the Civil Practice Act. The check stub notations were not a record of any " act, transaction, occurrence or event " made in the regular course of any business. (*People* v. *Robinson*, 273 N. Y. 438; *Leask* v. *Hoagland*, 205 id. 171.)

Section 374-a was placed upon the statute books to simplify proof of commercial transactions. Though its language is broad, it must be interpreted in the light of the " shopbook " rule, to which it related. (*Johnson* v. *Lutz*, 253 N. Y. 124.) The shopbook rule was not applicable to prove money loaned or similar cash transactions. (*Smith* v. *Rentz*, 131 N. Y. 169.) In the case

last cited (at p. 176) the Court of Appeals outlined the shopbook rule as follows: " The rule admitting account-books of a party in his own favor in any case, was a departure from the ordinary rules of evidence. It was founded upon a supposed necessity and was intended for cases of small traders who kept no clerks, and was confined to transactions in the ordinary course of buying and selling or the rendition of services."

We do not hold that section 374-a may not be applied to prove any cash transactions. It is sufficient in this case to hold that the entries made on the lawyer's case record card, concerning alleged gratuities paid to a police officer (assuming that the entries could be so interpreted), were not entries coming within the statute, as a record of any act, transaction, occurrence or event, made in the regular course of business.

Assuming, however, that the entries did come within the section, as the record of a transaction or event, the transaction or event was the payment of money. Here, payment was not disputed. The dispute concerned the purpose for which the payment was made. The police department was endeavoring to establish that the entries represented sums paid as gratuities. The entries were made by persons over whom the petitioner exercised no control. What these persons wrote on a card concerning the purpose of the payment, or the circumstances as to where they made the entries, could not bind petitioner. Such entries were the acts of a stranger, and were not material except to affect the credibility of the persons making same. We do not believe that section 374-a was ever intended to make such entries competent as substantive proof, even though made in the regular course of business, where the sole probative force of the entries would be as a self-serving declaration or mere circumstantial evidence of guilt. In other words, the guilt of one charged with the unlawful receipt of moneys is not to be established by book entries made by another concerning the circumstances under which the moneys were paid, where the person on trial had no knowledge of or gave no direction concerning the entries. This is the rule concerning entries in corporate books in respect to payment of moneys. Such evidence is held incompetent in a criminal prosecution against an officer of the corporation, unless it is shown that he had some connection with or knowledge of the entries. (*People* v. *Burnham*, 119 App. Div. 302; 120 id. 388.)

In *People* v. *Robinson* (*supra*) the defendant was charged with grand larceny. An entry was found on a check stub made by a bookkeeper of the corporation of which defendant was an officer. This check stub entry related to the payment of a sum of money to

the complaining witness. If receivable in evidence, it was damaging to the defendant, as it indicated the truth of the story of the complaining witness. The Court of Appeals held that the entry was incompetent, stating (p. 446): "At the new trial the District Attorney will doubtless again offer in evidence the stub of check No. 2928 with its notation '540 Empire.' The notation is not a 'record of any act, transaction, occurrence or event * * * made in the regular course of any business' which is admissible in evidence under section 374-a of the Civil Practice Act. If made by direction of the defendant or with his knowledge it would be persuasive evidence of guilt. If made without his knowledge it has no probative force. We need not now determine whether there is in this record any evidence that it was made by the defendant's direction. Doubtless upon a new trial that point will be made clearer."

Technical rules of evidence are not applied in proceedings of the present nature, nevertheless, competent legal evidence of guilt must be adduced. (See Civ. Prac. Act, § 1296.) Hearsay evidence may not be received. (*Matter of Greenebaum* v. *Bingham*, 201 N. Y. 343.)

It is impossible to determine whether the trial commissioner based his findings on the testimony read from the prior proceedings, or to what extent his determination was based upon the documentary evidence which we have indicated was improperly received.

For these reasons and because we find no sufficient competent evidence in the record to sustain the finding of guilt unless the finding is based on mere suspicion, the determination should be annulled and a new trial granted, with fifty dollars costs and disbursements to petitioner.

MARTIN, P. J., O'MALLEY and TOWNLEY, JJ., concur; DORE, J., dissents.

Determination annulled and a new trial granted, with fifty dollars costs and disbursements to the petitioner. Settle order on notice.