NIENSTEDT *v.* MONTGOMERY, ADMR.

4-6544                                      156 S. W. 2d 884

Opinion delivered December 22, 1941.

*Bailey & Bailey* and *Frierson & Frierson,* for appellant.

*A. B. Shafer,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment rendered in the probate court of Crittenden county approving the disallowance by appellee, administrator in succession, of a claim for a balance of $6,126.86, including interest to August 24, 1941, against the estate of H. A. McGee, deceased. The claim was presented by appellant, a sister of deceased, on February 4, 1941, and on the same day was disallowed by appellee, administrator in succession of the H. A. McGee estate, and is as follows:

"Demand against estate of H. A. McGee, deceased.

"The estate of H. A. McGee, deceased, is indebted to Olive Nienstedt of Blodgett, Missouri, as follows: For cash advanced to the said H. A. McGee, deceased, by this claimant between the years 1923 and 1938, the total sum of $10,302.28.

"H. A. McGee, deceased, paid interest at six per cent. on all items of indebtedness from time to time and on December 26, 1938, paid to claimant the sum of $2,160 as interest due to that date on the entire indebtedness. On

June 24, 1940, Mrs. H. A. McGee, at that time paid to this claimant the sum of $5,000 for property which the said H. A. McGee, deceased, had placed in the name of this claimant and her daughter as security for this indebtedness, which said $5,000 was on June 24, 1940, credited on the principal of the entire indebtedness due this claimant from H. A. McGee, deceased, leaving a balance due on said indebtedness in the sum of $5,302.28 with interest at six per cent. from December 26, 1938, together with interest on $5,000 from December 26, 1938, to June 24, 1940.

"Affidavit to claim against estate.

"State of Missouri

"County of Scott—ss.

"I, Olive Nienstedt, do solemnly swear that the above and foregoing demand against the estate of H. A. McGee, deceased, is just and correct and that nothing has been paid or delivered toward the satisfaction of said demand except what is credited thereon; that the sum of $5,302.28 with interest thereon at the rate of six per cent. from December 26, 1938, together with interest on $5,000 from December 26, 1938, to June 24, 1940, at the rate of six per cent. is now justly due.

"Olive L. Nienstedt.

"Subscribed and sworn to before me at my office in Sikeston, Scott county, Missouri, this 3rd day of February, 1941. My commission as notary public expires January 16, 1943.

"Bernice Hagaman,

(Seal)     "Notary Public.

"Filed 2-4-41.

"Eunice B. Buck, Clerk.

"Presented to me as administrator in succession of the estate of H. A. McGee, deceased, this 4th day of February, 1941, and by me disallowed.

"C. L. Montgomery,

"Admr. of Est. of H. A. McGee."

The administrator in succession of the estate of H. A. McGee, deceased, objected to the introduction of evi-

dence of the so-called books of account or memoranda in his diary, to sustain the account presented by appellant for the reasons:

(1)  Because the said books are not properly authenticated as books of account;

(2)  It does not appear whether they are the books of account of the claimant, O. L. Nienstedt, or the books of account of the witness, Dr. E. J. Nienstedt. If presented as the books of account of the claimant, O. L. Nienstedt, they are inadmissible as evidence under the provisions of § 5154 of Pope's Digest. If claimed as the books of account of the witness, Dr. E. J. Nienstedt, they are inadmissible for any purpose;

(3)  Loans and payments thereon are not proper items or subjects for book accounts under the circumstances here presented;

(4)  If the foregoing objections are not sustained, then your administrator pleads the three year statute of limitations as to any items having a date prior to three years before the filing of the claim of the said O. L. Nienstedt in this administration.

Premises considered, your administrator prays that his objections be sustained and that his action in disallowing said claim be approved and confirmed.

C. L. Montgomery,
Administrator in succession.

The above motion is verified before Eunice B. Buck, Clerk by A. B. Carter, deputy, May 26, 1941, and filed May 26, 1941.

The judgment rendered by the probate court is as follows:

"This cause comes on to be heard on this 26th day of May, 1941, the same being a regular adjourned day of the Crittenden chancery court in probate sitting upon the depositions of E. J. Nienstedt and Mabel Saddler Kassler and exhibits thereto attached and the motion of C. L. Montgomery as administrator in succession c. t. a., and the argument of counsel and the court being advised

in the premises it is by the court ordered and adjudged that the action of the administrator in disallowing said claim be and the same is hereby approved and confirmed and that the claimant pay all costs in this proceeding.''

In the argument, appellant's learned counsel have tabulated the claim showing the amounts advanced to deceased by his sister totaling $10,302.28. This tabulation shows the cash items loaned by appellant to H. A. McGee and the dates of the various loans gleaned from the testimony of Dr. E. J. Nienstedt from his memory refreshed by entries made from time to time in a diary which he kept relative to his own business and business he transacted for others. These entries began in his diary on April 23, 1923, showing a loan of $1,000, and ending with a loan on March 5, 1938, for $2,000. All these entries show cash loans either in actual cash or cash furnished to buy beans and peas from a third party.

Learned counsel for appellant have also made the tabulation in their argument deduced from the testimony of Dr. E. J. Nienstedt reflecting the total amount of the indebtedness and certain credits which were given from time to time until the total indebtedness was reduced to $6,126.86.

No book accounts current were kept by the claimant, appellant herein, and her brother, H. A. McGee. The memoranda which Dr. E. J. Nienstedt used to refresh his memory in his testimony were not accounts current kept by the doctor between his wife, the claimant, and H. A. McGee. The objection by the administrator in succession to the introduction of the memoranda because they were not properly authenticated as books of account, and that they did not purport to be a statement of current accounts between the claimant and H. A. McGee is met by the argument that no attempt was made, and in fact the memoranda were not introduced as books of account between the parties, but was simply referred to by Dr. E. J. Nienstedt to refresh his memory in testifying.

We do not think the testimony of Dr. E. J. Nienstedt is sufficient to establish the claim of appellant against the estate of H. A. McGee, deceased, for the reason that

all the items were for cash loans or credits in cash which were not evidenced by a mutual account current between the claimant and H. A. McGee nor evidenced by receipts or notes. No book account current at all was kept between the appellant and H. A. McGee and the loans were not evidenced by notes or receipts and they do not sufficiently establish the claim presented by appellant to C. L. Montgomery, administrator in succession of the estate of H. A. McGee.

It is said in 20 Am. Jur., p. 949, § 1088, that: "In the absence of any statute expressly providing otherwise, it is usually held that books of account are inadmissible to show the payment or loan of money, on the ground that inasmuch as the person paying or loaning money has it in his power to perpetuate evidence of that fact by taking a receipt or note, the reason for admitting a party's books of account as evidence in his own favor does not exist."

It is stated in Chamberlayne, Modern Law of Evidence, § 3116, that: "The general rule, as sustained by the great majority of the cases, is to the effect that a party's books of account are not admissible to prove a loan or cash payment in his favor. In such cases the shop book is not the primary or 'best evidence' of the fact to be proved. It is within the power of the party at the time of making the loan or payment to require that some receipt or other memorandum be given to him."

In a note in 2 L. R. A., N. S., p. 401, it is said: "It is usually held in the absence of express statutory provision to the contrary, that the rule that books of account kept in the ordinary course of business are admissible in favor of the person keeping them, is not applicable to cases of money loaned, or payments made, by the party whose books are offered."

It is said in the case of *Smith* v. *Rentz*, 131 N. Y. 169, 30 N. E. 54, 15 L. R. A. 138, that: "The rule admitting account books of a party in his own favor, in any case, was a departure from the ordinary rules of evidence. It was founded upon a supposed necessity, and was intended for cases of small traders who kept no clerks, and was

confined to transactions in the ordinary course of buying and selling or the rendition of services. In these cases some protection against fraudulent entries is afforded in the publicity which to a greater or less extent attends the manual transfer of tangible articles of property or the rendition of services, and the knowledge which third persons may have of the transactions to which the entries relate. But the same necessity does not exist in respect to cash transactions. They are usually evidenced by notes or writing or vouchers in the hands of the party paying or advancing the money. Moreover, entries of cash transactions could be fabricated with much greater safety, and with less chance of fraud being discovered, than entries of goods sold and delivered or of service rendered. It would be unwise to extend the operation of the rule admitting a party's books in evidence beyond its present limits, as would be the case, we think, if books containing cash dealings were held to be competent.''

As stated above, all the debit items were practically cash loans with long intervals between them and such credits as were admitted were also cash credits and, in view of this, we do not think that the testimony of Dr. E. J. Nienstedt sufficiently established that any balance was due from H. A. McGee to the claimant.

The judgment is, therefore, affirmed.

SMITH, J., concurs.