■ PETER ECHTERMACHT, Respondent, v. CHARLES COHEN et al., Appellants.— Judgment in favor of respondent upon a jury verdict, reversed on the law and on the facts and a new trial granted, with $50 costs to the appellants. It was error for the court to refuse to permit defendants' counsel to test Officer De Rosa's testimony, favorable to the plaintiff, by examining him with respect to the memorandum book which the officer had with him when he testified, although he did not refer to it while testifying. (*Bloodgood* v. *Lynch*, 293 N. Y. 308; *Smith* v. *Rentz*, 131 N. Y. 169.) It was error for the court to charge in substance former subdivision 1 of section 56 of the Vehicle and Traffic Law which had been held unconstitutional (*People* v. *Firth*, 3 N Y 2d 472; *Sandola* v. *Pearlman*, 16 A D 2d 965; and see Vehicle and Traffic Law, § 1180, subd. [a]); and under the circumstances of this case the error requires reversal although no objection was made to that charge. (*Karnbach* v. *Bould*, 24 A D 2d 600; *Carroll* v. *Harris*, 23 A D 2d 582.) In addition, it was error for the court to refuse to charge section 42-a of the Traffic Regulations of the City of New York (adapted from Vehicle and Traffic Law, § 1152, subd. [a]). There was substantial evidence from which the jury could have found that the plaintiff was not on a crosswalk at the time of the accident. Whether he was and whether said section 42-a applied to him at the time were questions of fact for the jury, and should not have been taken from them by the court. Finally, the verdict was against the weight of the evidence; and a new trial is required in the interests of justice. Concur — McNally, J. P., Steuer and Witmer, JJ.; Stevens and Eager, JJ., dissent in the following memorandum by Eager, J.: I would affirm. The credibility of the testimony of the plaintiff and his witnesses was for the jury, and the verdict in his favor has abundant support in the record. The rulings of the trial court, referred to in the memorandum of the majority, when considered in light of the record, do not represent error justifying a reversal of the judgment. It is true, that the court could have required the officer to have produced his memorandum book for use for purposes of cross-examination (see *Bloodgood* v. *Lynch*, 293 N. Y. 308). Defense counsel, however, did conduct a most thorough cross-examination of the officer and, bearing in mind that the officer did not witness the accident, it is not apparent that his memorandum book contained anything which would have tended to impeach any material testimony that he gave. To show prejudice and lay the basis for error, the burden was upon

defense counsel to request that the book be marked for identification. This was not done and we should not, for purpose of reversal, speculate that the court's ruling was prejudicial. Defendants complain that, as basis for finding of negligence, the trial court improperly charged the jury in the wording of former section 56 of the Vehicle and Traffic Law, which was declared unconstitutional and has now been repealed. There was, however, no reference to the section and the plaintiff's request to charge, granted by the court, was in general language differing from the wording of the section. Furthermore, the wording of the requested charge is to be considered with the main charge, wherein the jury had been fully and properly charged with reference to the duty of defendant driver, and when so considered, the granting of the requested charge could not have misled the jury. This was probably the reason why defense counsel took no exception and, certainly, absent an exception, there is no basis on the record here for a reversal. Finally, defendants contend error in the refusal to charge section 42-a of the New York City Traffic Regulations that a pedestrian crossing a roadway other than within a crosswalk shall yield the right of way to a vehicle. In light of the record (there being insufficient evidence to support a finding that the accident occurred other than at a crosswalk) and on the basis of the main charge which was unexcepted to, the court did not err in refusing the request. (Cf. *Spinelli* v. *Licorich*, 24 A D 2d 172.)