■ BERNARD CAMPBELL et al., Respondents, v NATIONAL ACOUSTICS, INC., Appellant, et al., Defendant. — Judgment, Supreme Court, New York County, entered March 5, 1980, which adjudged, after a jury trial, that the defendants, National Acoustics, Inc., and Narcisco Patterson were liable to the plaintiffs in the total sum of $220,425, unanimously reversed, on the law, and case remanded for a new trial, with costs to abide the event. The testimony at trial indicated that plaintiff Bernard Campbell was crossing Hempstead Avenue at the corner of Springfield Boulevard when he was struck by the subject vehicle. However, the record is silent as to whether plaintiff was inside or outside a marked or unmarked crosswalk at the time of the occurrence. The trial court presented a factual question to the jury as to whether the plaintiff was within a crosswalk at the time of impact. Since the trial court thus recognized the possibility that the jury might find that the plaintiff was not within a crosswalk, it should have charged section 42(a) of the traffic regulations *(Echtermacht v Cohen,* 24 AD2d 968). In addition, the trial court erred in refusing to mark in evidence National's cost sheets for Beach Channel High School and the Pan American job site. These exhibits were relevant since they buttressed National's other proof which tended to show that Patterson was not at those construction sites on the date of the occurrence. For these errors, a new trial must be ordered. We find no merit to the other points raised in the defendants' brief. Of course, we do not reach the question of whether the damages were excessive. Concur — Murphy, P. J., Birns and Lupiano, JJ.

Sullivan and Silverman, JJ., concur in a memorandum by Sullivan, J., as follows: In addition to the grounds set forth by the majority as a basis for reversal, we would also set aside the verdict against National Acoustics, Inc., as against the weight of the credible evidence.