William J. Simons and Louis A. Coxe, as Executors, etc., of Eleazar Jackson, Deceased, Appellants, v. Sanford H. Steele, as Executor, etc., of Jacob Cohen, Deceased, Respondent.

*Reference of a disputed claim against an estate — no pleadings are required — every defense is available — competency in evidence of stub entries in check books.*

No pleadings are necessary where a disputed claim against an estate is referred under section 2718 of the Code of Civil Procedure, and any defense, including the Statute of Limitations, may be urged to defeat the claim.

The referee, in disposing of the case, may consider every defense which the proof establishes, and is not confined to those defenses which were urged at the hearing.

Stub entries in check books are not admissible in evidence to show cash transactions if they are to be treated as books of account.

Van Brunt, P. J., dissented.

Appeal by the plaintiffs, William J. Simons and another, as executors, etc., of Eleazar Jackson, deceased, from a judgment of

the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 9th day of September, 1902, upon the report of a referee.

*Isaac N. Miller*, for the appellants.

*Charles H. Otis*, for the respondent.

HATCH, J.:

This action is brought to recover a balance of $17,234.50, with interest, making an aggregate claim of upwards of $30,000, alleged to be due on account of moneys claimed to have been loaned by the plaintiffs' testator to the defendant's testator. There are no pleadings, the matter in controversy having been referred by consent under section 2718 of the Code of Civil Procedure. The plaintiffs, as executors, etc., of Eleazar Jackson, deceased, presented the claim to the executor, etc., of Jacob Cohen, deceased. The claim consisted of an alleged irregular series of loans, commencing in the year 1873 and running down to October, 1899, the time of the last alleged loan. The bill as presented also allowed certain payments thereon, the first being made in 1875 and the last December 14, 1878, except one of $200 made in February, 1900. The plaintiffs sought to prove these various alleged loans by introducing in evidence canceled checks and the stubs thereof, the checks being made by Eleazar Jackson and payable to the order of Jacob Cohen. Plaintiffs also sought to show that their deceased testator kept no books of account except the memoranda, which he either wrote upon the checks or the stubs thereof. Some of these checks or their stubs had written upon them the words " lent," or " paid," or " ret.," and some of them had no remark as to their nature. There were also two notes which were received in evidence, one dated December 1, 1894, for $300, payable one month after date, and another dated October 14, 1899, for $800, made by Jacob Cohen payable to the order of Eleazar Jackson. Upon these two notes the referee found that the plaintiffs were entitled to recover, except that from the note dated December 1, 1894, the payment of $200 made in February, 1900, should be deducted. The referee also found that the various checks in evidence did not show that they were given as loans from Eleazar Jackson to Jacob Cohen, and that

as to all transactions prior to 1881, the right to recover thereon was barred by the Statute of Limitations.

The learned referee has so fully discussed the facts in this case and the effect of the evidence that it is not necessary to make further reference thereto. We agree with the conclusion at which he has arrived that the plaintiff failed to establish a greater liability against the defendant, or the estate which he represents, than has been allowed by the referee. It is earnestly insisted, however, that the referee erred in applying the Statute of Limitations as to those claims which he rejected for the reason that the statute was not pleaded, and that the point was not taken upon the trial. In a reference of this character, no answer is required where there has been a rejection of the claim. Any defense may be urged which is available to defeat the claim, including the Statute of Limitations. (*Rutherford* v. *Soop*, 85 Hun, 119.) Nor is it essential that the specific point be raised upon the hearing. If the proof given upon the trial shows that the claim is barred by the Statute of Limitations, the referee is invested with authority to give force and effect to the statute, and where it appears, as in the present case, that the referee so determined and the proof sustained his conclusion thereon, the judgment will be sustained, whether the referee considered it of his own motion, or the executor urged it upon his attention. Every species of defense which the proof establishes may be considered by the referee in making disposition of the case. The statute was, therefore, properly applied.

Argument is made with respect to the admissibility of the checks and the stub check books of plaintiffs' testator. This question, in view of the course of the trial, would seem to be immaterial, as they were all introduced in evidence and were considered by the referee. Giving force and effect to everything which appeared therefrom, it cannot be said that plaintiffs' claim was conclusively established. It was still within the province of the referee to determine therefrom what was the legal effect and to conclude from all that appeared thereon that they did not establish an indebtedness against the estate of the defendant's testator in the amount which the plaintiff claimed. The declaration testified to by Mrs. Briefner added nothing to such claim, if it be assumed that it was sufficient in establishment of the loans; it related to matters, the recovery for

which was barred by the statute. It is conceded that the stub entries in the check books were not admissible in evidence to show cash transactions if they are to be treated as books of account. Such is the effect of the decisions. (*Vosburgh* v. *Thayer*, 12 Johns. 461; *Smith* v. *Rentz*, 131 N. Y. 169.) The plaintiff claims, while admitting this rule, that they were admissible as a part of the *res gestœ* and as constituting the best evidence procurable. If admissible for the purpose of showing that the parties had transactions and for nothing else, they would be insufficient to establish an indebtedness, and resort could not be had to them for that purpose; consequently, if admissible to this limited extent, the plaintiff would not be aided, because they did not establish the indebtedness and were not competent for such purpose. It can scarcely be claimed with any show of reason that because no other evidence was procurable, that, therefore, they may be resorted to to establish an indebtedness. Lack of evidence may be the plaintiffs' misfortune, but it does not avail as a basis upon which to found a claim. That must be proved by competent testimony. The plaintiff has been awarded all to which his proof shows him entitled.

The judgment appealed from should, therefore, be affirmed, with costs.

PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred; VAN BRUNT, P. J., dissented.

VAN BRUNT, P. J. (dissenting):

I dissent. The referee in allowing credit has taken one side of an account as an admission and rejected the other side. This is certainly novel.

Judgment affirmed, with costs.