MARY C. BURKE, as Executrix of THOMAS P. BURKE, Deceased, Respondent, *v.* JOSEPH F. BAKER et al., Appellants, Impleaded with Another.

EVIDENCE — SELF-SERVING DECLARATIONS. In an action to recover for services alleged to have been rendered by plaintiff's testator to the defendants, the admission in evidence of certain entries in diaries of the testator relating to such alleged services is erroneous since they must be regarded as self-serving declarations and are clearly inadmissible.
*Burke* v. *Baker,* 111 App. Div. 422, affirmed.

(Argued March 4, 1907; decided April 2, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 6, 1906, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to recover for legal services alleged to have been rendered to the defendants by the plaintiff's testator.

*David B. Hill, Nelson Smith* and *Willard U. Taylor* for appellants.

*Thomas F. Magner* and *John F. Carew* for respondent.

*Per Curiam.* The unanimous decision of the Appellate Division that there is evidence supporting or tending to sustain the findings of fact leaves open in this court the single question whether the findings support the conclusions of law. An inspection of the findings leads to the conclusion that this question must be answered in the affirmative.

A further question is raised by objection and exception to the admission in evidence of certain entries in the diaries of Thomas P. Burke, the plaintiff's testator, relating to services alleged to have been rendered by him to the defendants. The learned trial judge ruled as follows : " I will permit the entries for the purpose of showing his connection with the course of the litigation." These entries must be regarded as self-serving declarations and clearly inadmissible.

We have reached the conclusion, however, after an examination of the evidence that their admission is not to be regarded as prejudicial error. There is evidence in the record, apart from that contained in the diaries, warranting the findings that Thomas P. Burke, the plaintiff's testator, was employed by the defendants and rendered legal services as therein set forth in detail.

The judgment appealed from should be affirmed, with costs.

GRAY, EDWARD T. BARTLETT, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; CULLEN, Ch. J., and HAIGHT, J., dissent on the ground that the admission of the diary of plaintiff's testator was fatal error.

Judgment affirmed.