In the Matter of the Estate of GIUSEPPE DeSIMONE, Deceased.

Surrogate's Court, New York County, March 7, 1934.

*Gabriel E. Torre,* for the objectant Giorgina Brugnoli.

*Florea & Fitzpatrick,* for the administratrix.

*Ralph Atkins,* for the objectant Giovanina D'Ambro.

DELEHANTY, S.   One Brugnoli made claim against deceased for moneys "loaned to the decedent in varying sums between November 18, 1930, and April 3, 1932, as appears from the claimant's book of account, photostatic copy of which account is hereto annexed and marked 'Exhibit A.'"   The attached photostat shows various items which appear to be cash items, opposite some of which are notations in the Italian tongue.

Claimant manufactures artificial flowers.   She produced a book of account and identified it as one regularly kept by her of the accounts of persons who were working for her.

Two witnesses were called to testify that they had worked for claimant in the manufacture of flowers and that the account between claimant and themselves had been settled on the basis of this account book.   Counsel then offered the book as original evidence of transactions between deceased and claimant.   On objection the book was excluded.   No other proof was offered.

It is to be noted that the persons who had settled their accounts on the basis of the book were persons who had performed work, labor and services only for claimant. Their testimony does not establish the verity of the book as a record of loans of money. The so-called shop book rule does not authorize reception of a record of mere cash transactions, since these may readily be fabricated with little chance of discovery. (*Smith* v. *Rentz*, 131 N. Y. 169, 176; *Leask* v. *Hoagland*, 205 id. 171; *Simons* v. *Steele*, 82 App. Div. 202, 204; *Matter of Clodgo*, 131 Misc. 490.)

Testimony of correctness of a book of account — which is prerequisite to its reception — necessarily involves testimony here of a transaction with deceased. If a witness may make entry in a book stating that he loaned money to a deceased and may then say that the entry is correct, he is giving the exact equivalent of oral testimony of the same witness to the effect, " I loaned money to deceased." To permit such testimony would completely destroy the salutary restrictions contained in section 347 of the Civil Practice Act. (*Davis* v. *Seaman*, 64 Hun, 572; *Knight* v. *Cunnington*, 6 id. 100, 105; *Bellows* v. *Bender*, 87 Misc. 187.)

Counsel for claimant on the hearing relied upon the shop book rule only. Section 374-a of the Civil Practice Act does not apply to an entry such as here made. If funds were loaned to this deceased it apparently was an isolated incident and even under the provision of the section cited the book cannot be admitted. (*Johnson* v. *Lutz*, 253 N. Y. 124, 128.)

The claim of Giorgina Brugnoli is dismissed for failure of proof. Administratrix asserts a status as widow of deceased. She does not base that status on a ceremonial marriage. Objection is made to her account because of the inclusion of her name in the list of distributees and because of the failure to name therein as widow of deceased one Giovanina D'Ambro.

Proof was received of Italian records of a marriage of deceased and of his family status authenticated as required by section 398 of the Civil Practice Act and the court is satisfied that Giovanina D'Ambro is in fact the widow of deceased. The decree to be made herein will recite this determination of her status as such and will direct distribution to her of the share payable to the widow of deceased.

The objection to the funeral expense is overruled.

Submit decree settling the account accordingly.