LEON TAROLLI, as General Property Guardian of GENEVIEVE M. TAROLLI, an Infant, and Others, Appellants, v. SYRACUSE INVESTMENT CORPORATION, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies a motion for summary judgment in an action upon a land contract.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

In the Matter of the Application of LEO BARRY and Others, Appellants, for an Order of Mandamus against JAMES E. CONDON and Others, Respondents.— Order affirmed, with costs. All concur. (The order denies an application for an order of mandamus for the rescission of action in promotion of certain city employees.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ. [153 Misc. 911.]

In the Matter of the Application of GEORGE E. DEBBOLD and Another, Appellants, for an Order of Mandamus against JAMES E. CONDON and Others, Respondents.— Order affirmed, with costs. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ. [153 Misc. 911.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH WILLIAMS and Another, Appellants.— Judgment of conviction and orders affirmed. All concur. (The judgment convicts defendants of burglary, third degree, and petit larceny.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

PETER BOGATIN, as Administrator, etc., of CATHERINE I. BOGATIN, Formerly CATHERINE I. GRABELL, Also CATHERINE GRABELL, Deceased, Appellant, v. CAROLINE BRADER, Respondent.— Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event. Memorandum: The answer admits a loan from plaintiff's intestate to the defendant and the payment of certain interest thereon. The law will imply a promise to repay the amount lent. A special defense is alleged to rebut this presumption but no proof was made on the trial to substantiate such defense. The receipt of the entry of the making of the loan in the memorandum book of plaintiff's intestate was error as such entry was a self-serving declaration not within the purview of section 374-a of the Civil Practice Act. In the interests of justice we grant a new trial. All concur. (The judgment awarded plaintiff a portion of a claimed loan to defendant by the intestate. The order denied a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

MARIE KOLBERG, as Administratrix, etc., of GISBERT KOLBERG, Deceased, Respondent, v. ERIE RAILROAD COMPANY, Appellant.— Judgment affirmed, with costs. All concur. (The judgment is for damages in a grade crossing railroad accident.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK STRAUSS, Appellant.— Judgment of conviction and order affirmed. All concur. (The judgment convicts defendant of the crime of criminally receiving stolen property.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

CHARLES W. WALKER, Commissioner of Public Welfare of the County of Niagara, New York, Respondent, v. LYMAN F. ROBINSON, Appellant.— Judgment affirmed, with costs. All concur. (The judgment affirms a County Court judgment which reversed a City Court judgment dismissing the complaint on the merits, and awards plaintiff judgment against defendant for money paid on application for an old age pension.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.