In the Matter of the Estate of L. CLAYTON WILLIAMS, Also Known as L. C. WILLIAMS, Deceased.

Surrogate's Court, Kings County, December 17, 1935.

*Thomas J. Snee*, for Frank V. Kelly, public administrator, Kings county.

*John T. Waters*, special guardian for unknown heirs.

*John J. Rooney*, special guardian for Isaac Penry Williams.

*Francis O. Affeld, Jr.* [*James H. Black* of counsel], for Cecelia Clutton Williams and others.

*Sydney Waldecker*, for the Atlas Assurance Co., Ltd.

WINGATE, S. It is undoubtedly true, as is noted by the learned referee (James S. Regan, Esq.) in this proceeding, " that, in the absence of other evidence, a loan is not to be presumed from the making of a check or the acceptance and payment of a draft, but that it is to be presumed in such case that the transaction constituted a payment on account of an existing indebtedness by the maker of the check or the acceptor of the draft." (*Marks* v. *Kellogg*, 170 App. Div. 464, 468.)

The limitation of the rule is inherent in its statement, and is further clarified by the succeeding sentence of the same opinion, which reads: " It is true that slight evidence is sufficient to render this presumption of law inapplicable, but in order to warrant a recovery or an offset there must be some evidence to show that the check or draft was not given in payment of an antecedent indebtedness or as a gift, but was intended as a loan."

It is, of course, obvious, that when the learned court which used the foregoing language spoke of " this presumption of law," it intended merely to refer to an inference of fact resulting from customary behavior in dealings between average members of the community (*Matter of Callahan*, 142 Misc. 28, 35, 36; affd., 236 App. Div. 814; affd., 262 N. Y. 524; *Matter of Gregory*, 150 Misc. 610, 612), and to reiterate the rule that, in the absence of evidence tending to demonstrate the contrary, experience indicates that in view of the vast preponderance of the number of occasions in which the transaction is actually of the former variety, the giving of a check or the payment of a draft has as its object, the solution of an existing obligation rather than that its purpose is the making of a loan or a gift.

The weakness of this inference must, however, be apparent to all. Whereas, with the average individual, probably less than one-tenth of one per cent of his check transactions are other than payments of indebtednesses, few would have difficulty in recalling many in his own experience, which were either loans or gifts. Wherefore, it is true that " *slight evidence* " is sufficient to render this inference of fact inapplicable.

The sole question in the case at bar is whether or not that requisite " slight evidence " to the contrary is here present. The facts are undisputed. The decedent was an officer of the claimant insurance company, receiving a salary of $6,500 a year. This was usually paid in semi-monthly installments, but in June, 1930, he was ill in the hospital, and his entire salary for that month was paid him by check dated on the fourth of the month.

It was shown by uncontradicted testimony that on June twenty-sixth he telephoned one of his subordinates and requested the latter

to draw a check for $650 to his order and to deposit it in his bank account. This the subordinate did, the officer of the company who was the manager of the office, being then out of the city on business. So far as is demonstrated by the record, no one in authority other than the decedent who made the direction, authorized the drawing of the check or the transfer of the funds thereby effected. It was testified without impeachment or contradiction that at the time of the occurrence the company " didn't owe Mr. Williams anything."

This testimony created the precise situation noted in *Nay* v. *Curley* (113 N. Y. 575, 578) as having resulted from a similar showing: " The plaintiffs by this evidence repelled the presumption which would otherwise have arisen, and created the alternative presumption that the check represented a loan. The law does not presume a gift."

Since the undisputed evidence of the claimant rebutted the usual inference of the payment of a debt and created one that the transaction was a loan, and since, on a loan, the law implies a promise of repayment (*Bogatin* v. *Brader*, 243 App. Div. 856; *Ellner Co.* v. *Isaacson*, 165 N. Y. Supp. 942, 943, not otherwise reported), a recovery by the claimant must be allowed.

It follows that the report of the learned referee will be modified in accordance herewith.

Enter decree on notice.