In the Matter of the Estate of WILLIAM N. HOSSAN, Deceased.

Surrogate's Court, Kings County, February 24, 1937.

*Hovell, McChesney, Clarkson & Klupt* [*Sidney A. Clarkson* of counsel], for Rose Hossan, temporary administratrix.

*O'Malley & Wilson* [*Walter F. O'Malley* of counsel], for the respondents Godfrey N. Hossan and Margaret Hossan.

WINGATE, S. The instant application, at least in its present connection, is wholly unprecedented, so far as the diligence of counsel or the experience and individual research of the court disclose. It is an application on behalf of a respondent in a discovery proceeding under section 205 of the Surrogate's Court Act to wholly withdraw his answer which admitted receipt from the decedent of the property in question and asserted its delivery by him as a gift.

The sum involved is $25,000, which the petition alleges to be the balance of a larger sum which the decedent turned over to Godfrey N. Hossan under an agreement for its return on demand, and which the latter caused to be deposited partly in his own name and partly in that of his wife, Margaret, the other respondent. The petition further states that the respondents " now refuse to account " for this sum " or recognize the claim of this estate to the same or any part thereof."

On August 17, 1936, an answer to the petition was filed in this court, which was verified three days previously by the male respondent. This admits receipt of $30,000 from the decedent and repayment to him of $5,000 thereof, and asserts " that on or about the 3d day of February, 1936, the now deceased William N. Hossan, while alive and in full possession of all of his faculties, delivered over to, transferred, assigned, and made a gift of the said property to the respondents herein."

The present application, as noted, is to *withdraw* this answer, not to *amend* it, wherefore the provisions of section 244 of the

Civil Practice Act, if at all applicable to a proceeding of this variety in the Surrogate's Court, do not in terms apply to the present situation. That section pertains to amendment of pleadings as of course.

As strict matter of fact, a discovery proceeding in the Surrogate's Court is *sui generis* in that failure to answer does not constitute a default, and the question of the right of the estate to the possession of the property in question must proceed to trial in its absence. (*Matter of Massey*, 143 Misc. 794, 795.) The reason for this is because the proceeding is more properly classifiable as one *in rem* rather than as one *in personam*. Possession is sought by a person acting in a fiduciary capacity whose duty it is to secure control of all assets which belonged to the decedent at the time of his death. The purpose is not primarily to secure a personal judgment against the respondents but to gain control of the particular *res* which is in their custody. In view of these considerations, it may be doubted that the provisions of section 244 of the Civil Practice Act " can be applied to the substance and subject matter of " such a proceeding within the connotation of section 316 of the Surrogate's Court Act. That such is the view of the respondents themselves is indicated by the fact that they have not attempted to exercise a summary right to amend in the present instance but have, in this application, sought the leave of the court to adopt the course of procedure proposed.

If, therefore, no absolute right of amendment exists, the grant or rejection of permission for the adoption of such a course resides within the judicial discretion of the court under the provisions of section 105 of the Civil Practice Act. In evaluating the propriety of permitting the adoption of such a course, the court should, at least in a measure, be guided by the instances specified in the section. These are " a mistake, omission, irregularity or defect." None of these grounds are asserted in the moving papers as the reason for the contemplated manœuvre, the only basis for the desired alteration of the existing situation being that the rights of the respondents " will be best protected from a procedural standpoint if the answer is withdrawn." In other words, it is apparently the attitude of the respondents that so far as the *merits* are concerned, nothing is absent from the issues as presently joined, but, if the court will consent to be complaisant, the respondents desire to achieve for themselves a technical and tactical advantage over the estate representative by, in effect, interposing a denial of facts which have previously been admitted by a deliberately prepared and filed, sworn statement.

It has frequently been held " to be well established that ordinarily a party will not be permitted to amend a pleading for the

purpose of setting forth facts of which he has full knowledge at the time of interposing the original pleading, and that facts satisfactorily excusing the failure or negligence in not setting forth all the material facts in the original pleading must be shown." (*Jacobs v. Mexican Sugar Refining Co., Ltd.,* 115 App. Div. 499, 502; *Pratt Hurst & Co., Ltd.,* v. *Tailer,* 99 id. 236, 238; *Mutual Loan Association v. Lesser,* 81 id. 138, 140.) If this is so, it would seem to be an *a fortiori* matter that an extraordinarily strong showing should be required to permit a party to suppress on the record facts which have been admitted by a deliberately executed, sworn statement. (*Levy* v. *D., L. & W. R. R. Co.,* 211 App. Div. 503, 506; *Quarantiello v. Grand Trunk Railway Co.,* 145 id. 138, 140.) The attempted retraction of such a sworn admission raises a strong inference that the pleader is actuated solely by an ulterior motive subversive of the ends of justice which inference should be adequately negatived before the court should permit itself to be made a party thereto. (*Cohen* v. *Holmes,* 191 App. Div. 396, 397; *Miller* v. *Moore,* 1 E. D. Smith, 739, 743; affd., 12 N. Y. Leg. Obs. 53.)

Quite aside from the considerations hereinbefore noted, however, the utility of the contemplated procedure even for the attaining of the procedural and tactical advantage desired is not apparent. Were the answer to be withdrawn, the situation of the respondents would be similar to that which would arise had a general denial been interposed to the allegations of the petition. (*Matter of Donnelly,* 157 Misc. 319, 320, 321.)

Under such circumstances, it would be incumbent upon the estate representative to demonstrate ownership by the decedent of the *res* in question and that it had come into the hands of the respondents. Upon this showing, the burden of going forward would shift to the respondents to indicate either by proof or admissible inferences that the former ownership of the decedent had been divested, since there is an inference that a condition once shown to exist continues. (*Matter of Auditore,* 136 Misc. 664, 672; affd., 233 App. Div. 740; *Matter of Goodchild,* 160 Misc. 738, 743; *Matter of Shupack,* 158 id. 873, 891; *Matter of Hagan,* 157 id. 378, 380; *Matter of Goldman,* 156 id. 817, 818; *Matter of Kotlik,* 152 id. 802, 804.)

The only readily conceivable methods by which such divestment could have occurred would be that the moneys in question were surrendered to the respondents in payment of an obligation, or by way of loan or that they had been made the subject of a gift. Whereas, under certain circumstances an inference of the first or second might arise (*Marks* v. *Kellogg,* 170 App. Div. 464, 468;

*Matter of Williams*, 157 Misc. 458, 459), this could not occur in the present case by reason of the admission in the present answer of the respondent.

All which the petitioner would need to do, both to establish his *prima facie* case and to rebut any inference that the funds had been turned over to the respondents as a payment or a loan, would be to introduce the present answer in evidence, since this would furnish cogent proof on these points even if permission for its withdrawal were accorded. (*Vermeule* v. *City of Corning*, 186 App. Div. 206, 210; affd., 230 N. Y. 585; *Weil* v. *Weil*, 227 App. Div. 378, 389; *Crombie* v. *Illinois Surety Co.*, 181 id. 787, 788; *Kelly* v. *St. Michaels R. C. Church*, 148 id. 767, 771; *Breese* v. *Graves*, 67 id. 322, 325, 326; *Herzfeld* v. *Reinach*, 44 id. 326, 328; *Berry* v. *Rowley*, 11 id. 396, 398; *New York & L. C. Transportation Co.* v. *Hurd*, 44 Hun, 17, 18; *Fogg* v. *Edwards*, 20 id. 90.)

It would accordingly follow that having demonstrated by the sworn admission of the respondent that the fund originally belonged to the decedent and was turned over to the former, and that the transaction was neither a payment or a loan, the inference would arise that title remained in the decedent until the time of his death and passed to his personal representative. The burden would thereupon pass to the respondent to demonstrate that the transaction was not a bailment but a gift, since no inference of the making of a gift will be indulged. (*Nay* v. *Curley*, 113 N. Y. 575, 578; *Matter of Williams*, 157 Misc. 458, 460; *Matter of Greenberg*, 158 id. 446, 448; *Matter of Gray*, 160 id. 710, 712.)

The ultimate result of the entire matter, were the application to be granted, would accordingly be to leave the respondents in precisely the position which they now occupy.

For the reasons stated, the court is unable to perceive either the propriety or utility of a grant of the present motion and it is accordingly denied, with costs.

Enter order on notice in conformity herewith.