Elsie J. Hughes, as Administratrix, etc., of Thomas L. Hughes, Deceased, Plaintiff, *v.* Eastern Contracting Company and Arthur Nosworthy, Defendants.

Supreme Court, Special Term, New York County, April 6, 1937.

*H. M. Frank,* for the plaintiff.

*Salvatore & McConnell,* for the defendant Eastern Contracting Company.

Callahan, J. The plaintiff's intestate was a lawyer practicing in New York city. He customarily entered in a book kept as his personal diary and account book details of his financial transactions. In the transaction involved in this case he noted, for instance, that he had advanced and would advance moneys to defendant pursuant to an arrangement whereby he was to get half the profits of contracts that defendant was undertaking. Plaintiff's intestate was also accustomed, in the regular course of his profession, to dictate each day to his secretary details of his activities that day·in connection with the affairs of clients as well as some of his own. The secretary would type these memoranda and submit them to intestate for perusal and signature and then place them in a file. These memoranda were frequently corrected in intestate's handwriting. The secretary is alive and testified to the procedure.

The question arises as to whether either class of entries is competent as evidence in plaintiff's behalf to show the nature of the transactions between the parties in this action brought by an administratrix for an accounting. The court is thoroughly satisfied that the entries are genuine and were made by intestate in accordance with his regular practice and for the purpose of keeping a record of personal transactions which he entered into in connection with the investment of his own funds.

The entries would not seem to come within either the " shop book " rule with respect to entries by the party or the rule with respect to entries by a deceased person other than a party made in the regular course of business, as those rules were recognized in this State before the adoption of section 374-a of the Civil Practice Act. " Shop book " entries related to books of account and did not include private memoranda concerning personal transactions (*Mayor of New York* v. *Second Ave. R. R. Co.*, 102 N. Y. 572), or book entries to show cash advanced (*Low* v. *Payne*, 4 N. Y. 247; *Smith* v. *Rentz*, 131 id. 169), nor were they receivable to show the contract between the parties as distinguished from the performance thereof. The rule as to business entries by a deceased person did not permit the receipt of self-serving declarations made by a party who was under no duty to make them. (*Livingston* v. *Arnoux*, 56 N. Y. 507.) For instance, a deceased lawyer's entries in his diary were not competent to show performance of services in an action by his estate to recover for such services. (*Burke* v. *Baker*, 188 N. Y. 561.)

Even if we consider the present entries as made in the regular course of business they would not seem to come within section 374-a of the Civil Practice Act. (*Bogatin* v. *Brader*, 243 App. Div. 856; but see *Weidenfeld* v. *Pacific Imp. Co.*, [C. C. A.] 43 F. [2d] 817.) That statute was passed to simplify the " shop book " rule. (*Johnson* v. *Lutz*, 253 N. Y. 124.) The report of the Legal Research Committee of the Commonwealth Fund, published by the Yale University Press in 1927 under the title " The Law of Evidence — Some Proposals for its Reform," shows that five statutory changes were recommended by that committee. Section 374-a of the Civil Practice Act is identical with the fifth recommendation made. The fourth suggestion of the committee was one which would have made competent as evidence all declarations by deceased persons made in good faith before suit. This suggestion has not been adopted in this State. If it had been, the present writings would have been competent. Section 374-a of the Civil Practice Act apparently was not intended to broaden the rule applicable to entries by deceased persons. In any event, the present entries

must be held not to be entries made in the regular course of business as that term is used in the statute. Under the circumstances I will be compelled to strike Exhibits 6 and 7 from the record. With 1his disposed of, the parties should be heard again on the questions (1) Did the receipt of such evidence as remains in the case amount to a waiver of section 374-a of the Civil Practice Act, and (2) was the remaining testimony sufficient to establish *prima facie* plaintiff's right to an accounting. The parties will appear in chambers, New York county, on April 12, 1937, at two P. M., for such further hearing.