CITY BANK FARMERS TRUST COMPANY, as Executor, etc., of EDITH M. SCHWECKENDIECK, Deceased, Respondent, *v.* BESSIE J. FITZPATRICK ROOSEN, Appellant.

First Department, June 18, 1937.

*R. M. Smith* of counsel [*A. A. Kraus* with him on the brief; *Francis A. Madden*, attorney], for the appellant.

*George S. Mittendorf* of counsel [*Arnold Furst* with him on the brief; *Mitchell, Taylor, Capron & Marsh*, attorneys], for the respondent.

CALLAHAN, J. The plaintiff sued on two causes of action to recover the sums of $5,000 and $500, on the theory that these moneys were given to the defendant as special deposits for the use of the plaintiff, to be repaid on demand.

The complaint, as amended, alleges for the first cause of action that the defendant received from the plaintiff the sum of $5,000 on April 13, 1926, " to the use of the plaintiff, which sum the defendant promised to pay to the plaintiff on demand." That demand was made in June, 1932, and no part of said sum has been repaid.

For the second cause of action the complaint alleges that on June 10, 1927, the defendant received from the plaintiff the sum of $500 " to the use of the plaintiff, which said sum the defendant promised to pay to the plaintiff on demand " and that no part of said sum has been paid although duly demanded.

The answer denies these allegations and sets up several defenses. As defenses to the first cause of action there is set up, *first*, the bar of the six-year Statute of Limitations, and *second*, the defense that the $5,000 was given to the defendant pursuant to an oral agreement which provided that the defendant purchase a farm containing living quarters for the plaintiff and her husband, and that plaintiff be allowed to live there during the lifetime of her husband. The defendant further states that she purchased such a farm and performed all the terms and conditions on her part to be performed, but after the farm was purchased the plaintiff became dissatisfied and refused to live there.

As to the second cause of action, the defense interposed was that the sum was given as an outright gift.

During the pendency of the action Edith Schweckendieck, the original plaintiff, died, and the present plaintiff (executor of her estate) was substituted as plaintiff in her place.

The death of the original plaintiff in no way altered the burden of her successor or lessened the degree of proof required to establish the allegations of the complaint by a preponderance of evidence.

In support of the first cause of action, the plaintiff introduced a receipt for $5,000, reading as follows:

> "*April* 13, 1926.
> " Received from Edith Schweckendieck Five Thousand. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 00/100 Dollars.
> $5000 00/100 "BESSIE J. FITZPATRICK."

Plaintiff contends that this receipt, plus admissions contained in the answer, and the concession as to demand, established the first cause of action.

To establish the second cause of action it introduced a check drawn by the former plaintiff to the order of defendant for $500, dated June 10, 1927, the indorsements on which indicate that the proceeds thereof had been paid to defendant. It likewise contends that this check, plus the admissions in the answer and the concessions as to demand, established its second cause of action.

That being the entire evidence in the case, both sides moved for a directed verdict, and the court directed a verdict for the plaintiff.

We are of the opinion that the proof introduced was insufficient to entitle plaintiff to recover on either cause of action pleaded.

In the absence of other proof the presumption arises from the delivery of a check that it was delivered in payment of an antecedent debt. (*Koehler* v. *Adler*, 78 N. Y. 287.) Evidence of the delivery of such a check, plus proof that there was no existing debt, establishes *prima facie* a loan of money. This because the additional proof rebuts the presumption that the check was given in payment.

of a debt and creates an alternative presumption that the check represents a loan. (*Nay* v. *Curley*, 113 N. Y. 575.)

A receipt is a mere declaration or admission in writing. (*Ryan* v. *Ward*, 48 N. Y. 204.) The present receipt leaves entirely to conjecture the precise nature of the transaction had in connection with its issuance. It furnishes no evidence as to whose money was being delivered or whether it was in payment of a debt or given as a loan, or a deposit. We know of no presumption or inference that would arise under the circumstances, except that of delivery of the money on the date specified in the receipt.

Plaintiff herein relied on the admissions contained in the separate defenses to complete its chain of proof. Its theory is that it may accept those statements in the defenses favorable to itself and reject statements made in connection therewith which would be unfavorable. Where there are denials in an answer of the material allegations of the complaint, and a statement of fact in a defense is relied on as an admission and such statement is made in connection with other statements which nullify the effect of the first, the entire allegation must be read together. (*Gildersleeve* v. *Landon*, 73 N. Y. 609; *Green* v. *Messing*, 236 App. Div. 107, 111.) The admissions in the answer so read, added to the other proof, do not establish either contract of deposit pleaded.

The judgment should be reversed, with costs, and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., GLENNON, DORE and COHN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.