MARTIN F. SHEA and THOMAS E. SHEA, Executors, etc., of WILLIAM J. SHEA, Deceased, Appellants, *v.* JOHN J. McKEON, Respondent.

First Department, July 3, 1942.

*Thomas E. Shea*, for the appellants.

*Laurence L. Cassidy*, for the respondent.

COHN, J. The action was instituted by plaintiffs, as executors of the estate of William J. Shea, deceased, to recover the sum of $3,000 upon a check in that amount made payable by the testator to the defendant.

Shea died on February 27, 1940. Among his effects plaintiffs found a canceled check in the sum of $3,000 payable to defendant, bearing date of November 29, 1939. The decedent's check book contained a stub corresponding to the check and upon the stub was marked the word " Loan." Plaintiffs made demand upon defendant for the repayment of this sum, which was refused, defendant stating that he owed plaintiffs nothing.

Upon the trial the court received in evidence the canceled check which bore the defendant's indorsement and also the stub found among decedent's possessions marked with the word " Loan." In support of their claim that this was a loan, plaintiffs called as a witness the defendant. He testified that in December, 1938, decedent borrowed $600 in cash, which was used by decedent to pay for clothes ordered from a Fifth avenue tailor; that on another occasion he loaned decedent $900 in cash; that in the fall of 1939 decedent gave defendant the check for $3,000, and that a day or two later defendant delivered the $1,500 balance to decedent in cash. Plaintiffs also showed that during the five years preceding November 29, 1939, decedent had in banks a maximum cash balance of over $100,000 and a minimum of $28,700, with an average balance of $34,700 for 1939.

The trial court found in favor of plaintiffs, characterizing defendant's story as improbable, but the Appellate Term reversed the judgment in favor of plaintiffs and directed judgment for defendant.

Plaintiffs, we think, may be entitled to recover upon their claim. Judgment should not have been directed for defendant by the Appellate Term. A new trial should have been ordered for the reason that the trial court erred in receiving in evidence the check stub which purported to show that the transaction between decedent and defendant was in fact a loan. The entry in the stub of the check book, concededly made by deceased, was merely hearsay evidence and was a self-serving declaration made by a party who was under no duty to make it. The entry was merely a declaration concerning a personal transaction made by deceased and was inadmissible in evidence. (*Bogatin* v. *Brader*, 243 App. Div. 856.) The rule governing entries made in the regular course of business is set forth in section 374-a of the Civil Practice Act. That statute was intended to secure a more workable rule of evidence in the proof of business transactions under existing business conditions. (*Johnson* v. *Lutz*, 253 N. Y. 124.) It does not provide for the admission in evidence of a mere private memorandum. (*Matter of Pappalau*, 261 App. Div. 705, 706.) The entry found here in the stub of the check book is not a record of any act, transaction, occurrence or event made in the regular course of any business, which is admissible in evidence under section 374-a of the Civil Practice Act. (*People* v. *Robinson*, 273 N. Y. 438, 446; *Matter of Roge* v. *Valentine*, 280 id. 268, 277; *Hughes* v. *Eastern Contracting Co.*, 164 Misc. 318 [opinion by CALLAHAN, J.].) It has also been held that even under the shop book rule, cash loans or other cash transactions cannot be proved by stub entries in a check book. (*Smith* v. *Rentz*, 131 N. Y. 169; *Simons* v. *Steele*, 82 App. Div. 202; affd., 177 N. Y. 542.)

In the absence of explanation, the presumption arising from the delivery of a check is that it was delivered in payment of a debt, and not as a loan. (*Nay* v. *Curley*, 113 N. Y. 575, 577; *Koehler* v. *Adler*, 78 id. 287.) Nevertheless, the presumption that the check was given in payment of a debt may be rebutted. Plaintiffs by offering satisfactory proof might create the alternative presumption that the check represented a loan. (*Nay* v. *Curley*, *supra*, at p. 577.) In this case when defendant was permitted to testify as a witness for plaintiffs, his testimony, though found incredible, did not overcome the presumption of law that the check represented payment of a debt. However, there was evidence that the deceased was always in ample funds. Upon a new trial, proof may also be adduced by plaintiffs to show that the deceased never transacted any business with defendant. Such testimony might justify a presumption that the check represented a loan. " Evidence of the delivery of such a check, plus proof that there

was no existing debt, establishes *prima facie* a loan of money." (*City Bank Farmers Trust Co.* v. *Roosen*, 251 App. Div. 437, 439.):

The determination of the Appellate Term should be modified by directing that a new trial be had in the City Court, with costs to the plaintiffs in this court and in the Appellate Term to abide the event.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Determination of the Appellate Term unanimously modified by directing that a new trial be had in the City Court of the City of New York, County of New York, with costs to the plaintiffs in this court and in the Appellate Term to abide the event.