In the Matter of the Accounting of EDGAR C. GAARN et al., as Executors of HOPKINS D. HEWITT, Deceased, Appellants. LOUIS CROSBY et al., Respondents. — Appeal from a decree of the Surrogate's Court, Delaware County. The respondents are grandnephews of decedent and beneficiaries under his will. Between June, 1947, and March, 1948, it is conceded decedent loaned the grandnephews about $7,000 in four transactions. In each instance he took a promissory note. It has been established that a check for $2,400 dated November 3, 1948, was issued by deceased, payable and paid to, the two grandnephews. No note has been found and there is no explanation in the record for the check. One of the payees, but not the other, had a conversation with an executor and with the attorney for the estate in which broad calculations of the amount he would receive from the estate were discussed, but there was no specific conversation about the check and no statement from the payee, even for himself without regard to his brother who was not present, which the Surrogate would be required to treat as an admission that the check was a loan or represented any indebtedness to the decedent. The Surrogate held that since the check must be deemed unexplained it is to be treated as a gift. Whether it was a gift or represented some business or other transaction is not controlling here. If it was not a loan the executors cannot charge it against the payees' interest in the estate and they have the burden of showing it was a loan. They rested on a record which is quite equivocal and in which the purpose of the check remains unexplained. The usual presumption from a check otherwise unexplained is that it was issued in payment of a debt or the discharge of a current transaction. Where indebtedness is clearly excluded by specific proof, as it was in *Nay* v. *Curley* (113 N. Y. 575), the presumption may fall and be supplanted by a presumption there was a loan. All that the court decided in that case, however,

was that the payee had the right to explain the transaction. There is no such proof of exclusion in this record and the course of conduct of the decedent in previous transactions in taking notes when he made loans to these grand-nephews gives added strength to the conclusion of the Surrogate that the check did not represent a loan. Decree unanimously affirmed, with costs. Present— Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.