Samuel Faile, S.
In this executor’s accounting proceeding the wife of the decedent who is also coexecutor asserts personal claims against the decedent in the amounts of $15,000 and $7,000 respectively, and her coexecutor has asserted a claim against *747 the widow individually in behalf of the estate in the amount of $5,000.
The evidence satisfactorily established the claim of the widow as successor to a corporation in which decedent was interested in the amount of $15,000. Such claim is established not only by corporate records and resolutions, but by entries made in decedent’s own hand. The claim of the widow in the amount of $15,000 is accordingly allowed.
The individual claim of the widow in the sum of $7,000 is stated to represent the balance due on an open account for sums advanced to the decedent from time to time from her personal funds. Evidence was adduced at the hearing tending to establish that regular payments of interest were made on this amount from the date of the alleged loan to the date of decedent’s death. Such claim accordingly is also allowed.
With respect to the claim of $5,000 asserted in behalf of the estate against the widow of decedent, testimony was adduced establishing the delivery on April 25, 1949, of decedent’s check in the amount of $5,000 payable to the wife of decedent. Decedent’s check stubs were received in evidence without objection premised upon their admissibility under section 374-a of the Civil Practice Act, indicating that such payment was a loan. The indorsement indicating that such payment was a loan was a self-serving declaration made by decedent and would not have been admissible in evidence over objection. (Bogatin v. Brader, 243 App. Div. 856; Shea v. McKeon, 264 App. Div. 573.) Moreover the rule under section 374-a of the Civil Practice Act relating to entries made in the regular course of business was intended to secure a more workable rule of evidence in the proof of business transactions, but was not designed to provide for the admission in evidence of mere private memoranda. (See Shea v. McKeon, supra, p. 575, Conn, J.)
In the absence of explanation, however, the presumption arising from the delivery of a check is that it was delivered in payment of a debt. (Nay v. Curley, 113 N. Y. 575; Koehler v. Adler, 78 N. Y. 287.) No evidence was introduced to rebut the presumption of a loan arising from the delivery of the check by decedent. Moreover, the evidence established that at the time of the delivery of such check decedent was indebted to his widow in an amount in excess of $5,000, even apart from any indebtedness represented by the advance of $7,000 by his widow upon which interest was paid by decedent to the time of his death. The evidence affirmatively establishes the existence of a greater indebtedness owing by decedent, to his wife at the time of delivery of the check by decedent. Under these *748 circumstances the presumption that the check was delivered by decedent in payment of a loan is corroborated by the existence of decedent’s indebtedness to his wife in a greater amount. In the absence of evidence tending to establish that decedent’s check represented a loan or a gift or money of the decedent to be applied to the use of the payee, it must be presumed that the check was delivered in payment of an indebtedness owing by decedent to his wife. Under these circumstances, the payment will be offset against the claim of the wife hereinabove allowed in the amount of $15,000.
The court determines that the widow of decedent satisfactorily established that the sum of $5,050 in currency and the amount of $100 in gold coins found in the safe deposit box in the joint names of decedent and his wife represented property owned by the widow and accordingly is deliverable to her. There is accordingly payable to the widow in addition to the sum of $10,000, representing the unpaid balance of the claim of $15,000, the sum of $7,000 and the contents of the joint safe deposit box herein determined to be the property of decedent’s widow.
No objections have been interposed to the amounts paid on account of legal services to the respective attorneys for the coexecutors. Since the dates of the last payments heretofore made on account of such legal services, both attorneys rendered further legal services, some of which must be regarded as extraordinary services. It is the rule that where cofiduciaries employ separate counsel, the aggregate allowances for such legal services may not exceed the amount which would be awarded for compensation where both or all of the cofiduciaries were represented by a single attorney or firm of attorneys. (Matter of Bloomingdale, 172 Misc. 218; Matter of Kentana, 170 Misc. 663; Matter of Burroughs, 155 Misc. 237.)
Considering all relevant factors the allowance of the attorney for the corporate coexecutor is fixed in the reduced amount of $2,500, exclusive of disbursements, and the fee of the attorney for individual co executor is allowed in the amount of $1,500, exclusive of disbursements. The legal services rendered by the attorney for the individual co executor included services for the benefit of such executor individually as distinguished from services rendered in behalf of his client in her executorial capacity. The amounts allowed are in addition to the amounts previously paid for legal services and include compensation for all services rendered and to be rendered to and including the settlement of the decree.
Settle decree accordingly.