■ PACIFIC MANAGEMENT CORP., Respondent, v. SERGE TOUMANIANTZ, Appellant.—

The payment by plaintiff Pacific Management Corp. of $2,000 to defendant by check on July 2, 1956 is admitted by defendant; and in the light of the undisputed proof that there was then no existing debt owing by plaintiff to defendant, there is a prima facie showing that the check was for a loan of money. (*City Bank Farmers Trust Co.* v. *Roosen,* 251 App. Div. 437.) But defendant denies the check was given as a loan of money to him, and his affidavit states that plaintiff's check was delivered to him as part of an agreement between himself and Jacob Freidus for the payment of profits in Caprice Imports, Inc., a corporation in which defendant and Freidus each owned one half of the stock. Defendant swears that Freidus told him that he preferred not to "withdraw money from Caprice at that time." Instead, he suggested that he arrange for "another one of his corporations to pay me $2,000 for the account of Caprice" and that this is why plaintiff's check was delivered to him. Defendant and Freidus entered into another agreement in September, 1957 for the sale to defendant of Freidus' stock in Caprice in which a payment of $5,000 was made by defendant to Freidus which, it was agreed, Freidus should retain as liquidated damages if the sale did not go through. The sale did not go through, and Freidus retained the $5,000 "liquidated damages". Recited in this contract, and having no rational place in the agreement except as an admission, is a statement that defendant "acknowledges he is indebted" to plaintiff for $2,000 which he will "repay in cash * * * on the day of closing". It seems sufficiently indicated that the $2,000 payment to be made by plaintiff was closely enough related to the transactions between defendant and Freidus over the sale of Caprice stock and in the disposition of Caprice earnings as to create an issue as to the nature

of the payment so as to entitle the defendant to a trial. Concur — Valente, J. P., Stevens, Eager, Steuer and Bergan, JJ.