■ In the Matter of MICHELLE P. McNALLY, as Executrix of RUTH O. McNALLY, Deceased.—Decree unanimously affirmed, without costs. Memorandum: Michelle McNally, executrix of the estate of Ruth McNally, commenced this proceeding to obtain authority to recover money from the estate claiming that the decedent, her mother, was indebted to her in the sum of $10,000 for money loaned; $6,000 of which was claimed to have been loaned on January 4, 1971 and $4,000 loaned on January 19, 1971. The $6,000 loan, as evidenced by a promissory note, was to be repaid at $50 per

month with interest of 1% per annum. The alleged interest-free $4,000 loan was evidenced by an unexecuted promissory note which although in decedent's handwriting was undated, unsigned and the location of where it was found was unknown. The $6,000 debt was proved as evidenced by the fully executed promissory note. The question on appeal is what consequence has the $4,000 claim which the Surrogate disallowed and for which no note was executed. The memorandum evidencing the $4,000 "loan" provides "From the sale of my home at 908 Second Street all my bills are to be paid, my funeral expenses and $11,000 to Michelle or whatever I still owe her, at the time of my death a record of which will be attached to my Will". Respondent's counsel objected to the admission of the note since it was undated and irrelevant. The Surrogate ruled that while the note could not be received as proof of its contents, it was admissible into evidence as a sample of decedent's handwriting. "An entry or memorandum made by a deceased person against his interest, found in his books or papers, is in general admissible against his estate in favor of a party seeking to establish the fact stated. They are presumably truthful *(Govin v. de Miranda,* 140 N. Y. 474; Wharton on Evidence, § 128). The probative force which will be accorded to the admission depends upon the circumstances" *(Matter of Gallagher v Estate of Brewster,* 153 NY 364, 368; see *Miller v Silverman,* 247 NY 447 [securities found in a safe deposit box in the vaults of a safe deposit company]). Thus, while there are occasions when a note may serve as an admission of a valid debt of a decedent, here the memorandum offered in support of that claim is equivocal, is imprecise and lacks a substantial foundation, since there is no evidence that the note was found with the decedent's books or papers. We conclude, however, that although the note was admissible, it should be accorded little or no probative weight because of the surrounding circumstances. In the absence of other proof a presumption arises from the delivery of a check that it was delivered in payment of an antecedent debt *(Koehler v Adler,* 78 NY 287). Evidence of the delivery of such a check, plus proof that there was no existing debt, however, establishes prima facie a loan of money. Additional proof can rebut the presumption that a check was given in payment of a debt and create the alternative presumption that the check represents a loan *(Nay v Curley,* 113 NY 575; *Pacific Mgt. Corp. v Toumaniantz,* 14 AD2d 864; *Shea v McKeon,* 264 App Div 573; *City Bank Farmers Trust Co. v Roosen,* 251 App Div 437, 439-440). Petitioner proved that she delivered a check to her mother, the decedent. She failed to present sufficient probative evidence, however, to bring into play the alternative presumption that this transaction was a loan to the decedent without which the presumption of a debt owed to decedent survives. Further, the facts that decedent executed a promissory note for the $6,000 loan and that a period of two years elapsed between this January 19, 1971 transaction and the death of decedent without petitioner obtaining an executed promissory note for the alleged second loan provide added support for the conclusion of the Surrogate that petitioner failed to establish by clear and convincing evidence that the $4,000 constituted a loan *(Matter of Hewitt,* 281 App Div 734). (Appeal from decree of Onondaga County Surrogate's Court—payment to executrix by estate.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Dillon, JJ.