■ In the Matter of the Estate of MARVIN LEOPOLD, Deceased. GREENFIELD STEIN & SENIOR, L. L. P., Appellant; STACY LEOPOLD et al., Respondents. [664 NYS2d 323] —In a proceeding pursuant to SCPA 2110 to fix and determine the petitioner's compensation for legal services rendered in connection with its representation of Stacy Leopold as preliminary executor of the estate of Marvin Leopold, the petitioner appeals from an order of the Surrogate's Court, Suffolk County (Prudenti, S.), dated October 7, 1996, which (1) granted the motion of the preliminary executor Stacy Leopold to seal the petition and supporting papers, and to enjoin the petitioner from disclosing the contents of said petition and the supporting papers, and (2) dismissed the petition as premature without prejudice to its renewal upon the final accounting of the administration of the estate.

Ordered that the order is reversed, on the law, with costs payable by the estate, the preliminary executor's motion is denied, and the petition is reinstated.

It is well settled that a client may discharge an attorney at any time, with or without cause (*see, Lai Ling Cheng v Modansky Leasing Co.,* 73 NY2d 454, 457; *Matter of Montgomery,* 272 NY 323, 326). As against the client, where the discharge is without cause, the attorney may recover the fair and reasonable value of the services rendered, computed on the basis of quantum meruit and determined as of the time of the discharge. Such a cause of action accrues immediately upon discharge, and the attorney is not compelled to wait until the outcome of the litigation (*see, Matter of Cohen v Grainger, Tesoriero & Bell,* 81 NY2d 655, 658; *Lai Ling Cheng v Modansky Leasing Co., supra,* at 459; *Matter of Tillman,* 259 NY 133, 136; *Matter of Berger,* 263 App Div 730; *Paulsen v Halpin,* 74 AD2d 990, 991; *Zimmerman v Kallimopoulou,* 56 Misc 2d 828). "Where the discharge is for cause, the attorney has no right to compensation or a retaining lien, notwithstanding a specific

retainer agreement" (*Campagnola v Mulholland Minion & Roe,* 76 NY2d 38, 44). Whether the petitioner here was discharged for cause or without cause can be established in the context of its fee application.

This is not a case where multiple executors have employed separate counsel to perform the same work, in which case the total fee to all attorneys should not exceed one attorney's fee (*see, Matter of Mattis,* 55 Misc 2d 511, 516; *Matter of Levi,* 3 Misc 2d 746), and which situation *might* justify the need to postpone the determination of any single attorney's fee. Nor is this a case where the petitioner is seeking a percentage of a contingency fee (*see generally, Lai Ling Cheng v Modansky Leasing Co., supra*). Indeed, there is no reason why the petitioner must be compelled to wait until the end of the administration of the entire estate to seek its reasonable fees. Additionally, the preliminary executor has failed to establish good cause sufficient to seal the petition and the supporting papers (*see,* 22 NYCRR 216.1). Thompson, J. P., Pizzuto, Santucci and Joy, JJ., concur.