■ In the Matter of DASHAUN W., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [698 NYS2d 700] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the Presentment Agency appeals from an order of the Family Court, Kings

County (Segal, J.), dated March 16, 1998, which dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, and the petition is reinstated.

There is no dispute that the fact-finding hearing had to be commenced by February 25, 1998. The Family Court also scheduled that date for the commencement of a suppression hearing. The attorney for the Presentment Agency sent notification of the hearing to the three police officers who were scheduled to testify. However, just two days before the hearing, the attorney learned that one of the officers was on vacation. The attorney attempted to contact the officer "outside the usual chain of command" but was unsuccessful and hoped that the officer would appear on the hearing date. When the officer failed to appear, the Family Court granted a one-day adjournment for the Presentment Agency to make a motion demonstrating good cause for a further adjournment. The respondent cross-moved for dismissal based upon a violation of Family Court Act § 340.1. The Family Court denied the Presentment Agency's motion and granted the respondent's cross motion for dismissal.

The Family Court improvidently exercised its discretion in refusing to grant the adjournment and in dismissing the petition. Under the circumstances of this case, there was "good cause" for a short adjournment based upon the officer's unanticipated vacation (see, Matter of David W., 241 AD2d 388). Contrary to the respondent's contention and the Family Court's determination, there is no requirement that the Presentment Agency serve judicial subpoenas upon necessary witnesses, so long as diligent efforts are made to secure the attendance of the witnesses at the hearing (see, Matter of Diogenes V., 245 AD2d 42). Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.