■ BENJAMIN BRUK, Appellant, v LEE ALBIN et al., Respondents. [704 NYS2d 648] —In an action for a judgment declaring that a mortgage and bond held by the defendants as security for the payment of attorneys' fees are invalid, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Gewanter, J.), entered May 24, 1999, which, after a nonjury trial, is in favor of the defendants on their counterclaim in the principal sum of $41,855.

Ordered that the judgment is modified, by adding thereto a provision declaring that the mortgage and bond held by the defendants as security for the payment of attorneys' fees are invalid; as so modified, the judgment is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the Supreme Court properly found the testimony of the defendant Lee Albin to be credible. Since the Supreme Court had the advantage of seeing and hearing the witnesses, its determination of credibility should not be disturbed (*see, New Day Bldrs. v SJC Realty,* 219 AD2d 623; *Majauskas v Majauskas,* 61 NY2d 481, 493-494; *Harrison v Rubenfeld,* 211 AD2d 698).

The Supreme Court properly found that the appellant did not discharge the respondents, who are attorneys, for cause. Contrary to the appellant's conclusory assertions, there was no evidence of any statement of dissatisfaction with the respondents' efforts prior to the discharge. The only disputed matters were the charging of certain fees (*see, Matter of New York State Urban Dev. Corp. [42nd St. Dev. Project],* 215 AD2d 310; *Artache v Goldin,* 173 AD2d 667). Where an attorney is discharged without cause before the completion of services, the attorney is entitled to recover in quantum meruit the reasonable value of the services rendered as of the time of the discharge (*see, Campagnola v Mulholland Minion & Roe,* 76 NY2d 38, 43-44; *Teichner v W & J Holsteins,* 64 NY2d 977, 979; *Markard v Markard,* 263 AD2d 470; *Matter of Leopold,* 244 AD2d 411).

The Supreme Court providently exercised its discretion in denying the appellant's request for an adjournment (*cf., Matter of Dashaun W.,* 266 AD2d 465).

The appellant's remaining contentions are either raised for the first time on appeal and therefore have not been considered (*see, Tursi v Perla,* 241 AD2d 518), or without merit.

We note that since this is a declaratory judgment action, the judgment must contain a provision declaring that the mortgage and bond held by the defendants as security for the payment of attorneys' fees are invalid, based upon the order of the Supreme Court, Nassau County (Bucaria, J.), dated March 18, 1998, which granted the plaintiff's motion for summary judgment on the complaint (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Bracken, J. P., O'Brien, Sullivan and Luciano, JJ., concur.