■ GEORGE LAMBERT, as Administrator of the Estate of JACK ROVELLO, Deceased, et al., Appellants, v MARTIN SKLAR et al., Respondents. [937 NYS2d 318]—

The decedent, Jack Rovello, died intestate on June 27, 1997, leaving a widow and two infant children. At the time of his death, the decedent and the defendant Martin Sklar were the co-owners of the defendants Betsy & Adam, Ltd. (hereinafter Betsy & Adam), and Betsy & Adam Sales, Inc. (hereinafter B & A Sales). After the decedent's estate was judicially settled by a final decree of the Surrogate's Court in 1999, his widow allegedly discovered a check register which identified payments made by the decedent to the defendant businesses between 1995 and 1997 totaling at least $2,896,393, and payments made by the defendant businesses to the decedent totaling $426,393.

The plaintiffs, the Estate of Jack Rovello (hereinafter the estate) and the public administrator assigned to administer the estate, commenced this action, inter alia, to recover damages for

fraud, alleging, among other things, that the defendants defrauded the estate by concealing from the public administrator the fact that the defendant businesses were indebted to the decedent at the time of his death. On a prior appeal, this Court modified an order of the Supreme Court, Westchester County, dismissing all causes of action asserted in the complaint as time-barred, and reinstated the cause of action alleging fraud (*see Lambert v Sklar*, 30 AD3d 564 [2006]). The defendants then moved for summary judgment dismissing that cause of action. The Supreme Court, inter alia, denied that motion as premature, and this Court affirmed that order (*see Lambert v Sklar*, 61 AD3d 939 [2009]). Upon the completion of discovery, the defendants again moved for summary judgment, in effect, dismissing the cause of action alleging fraud, and the plaintiffs cross-moved for summary judgment, in effect, on that cause of action. In the order appealed from, the Supreme Court granted the motion and, in effect, denied the cross motion. The plaintiffs appeal, and we affirm.

The defendants made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In support of their motion, they submitted an affidavit from Sklar in which he denied that he made any misrepresentations to the public administrator and claimed that the money identified in the check register as payments from the decedent to the defendant businesses was first advanced to the decedent by B & A Sales. In his affidavit, Sklar was able to reconcile the numerous checks for substantial amounts of money issued by the decedent to Betsy & Adam with checks in the same amounts almost contemporaneously advanced to the decedent by B & A Sales. The defendants also submitted the decedent's bank statements, cancelled checks issued by the decedent to Betsy & Adam between January 1995 and June 1997, and cancelled checks issued by B & A Sales to the decedent between January 1995 and May 1997, all corroborating Sklar's claim that the decedent's checks to Betsy & Adam were repayments for advances made to the decedent by B & A Sales from time to time, and that the defendant businesses owed no money to the decedent. An affidavit of the defendants' bookkeeper, stating that it was the regular practice of the businesses to advance the decedent money and have the decedent repay the businesses from his own personal checking account, also supported Sklar's contentions. In light of this evidence, the Supreme Court correctly concluded that the defendants established, prima facie, that they did not make any material misrepresentations to the public administrator (*see Freiman v JM Motor Holdings NR 125-139, LLC*, 82 AD3d 1154, 1155

[2011]; *Manti's Transp., Inc. v C.T. Lines, Inc.*, 68 AD3d 937, 939-940 [2009]).

In opposition, the plaintiffs failed to raise a triable issue of fact. According to the deposition testimony of the decedent's widow, which was submitted by the defendants, she did not know the purpose of the payments identified in the check register. Moreover, even if the check register were the decedent's, it was inadmissible as a business record (*see* CPLR 4518 [a]), and incompetent to prove that the corresponding checks were loans, rather than repayments of advances (*see Matter of Roge v Valentine*, 280 NY 268 [1939]; *Leask v Hoagland*, 205 NY 171 [1912]; *Nappi v Gerdts*, 103 AD2d 737 [1984]; *Shea v McKeon*, 264 App Div 573 [1942]; *Bogatin v Brader*, 243 App Div 856 [1935]; *Matter of Levi*, 3 Misc 2d 746 [1956]; *In re Purdy's Will*, 73 NYS2d 38 [Sur Ct 1947]; *see also Nay v Curley*, 113 NY 575, 577 [1889]; *Koehler v Adler*, 78 NY 287 [1879]). Given the plaintiffs failure to set forth admissible evidence raising a triable issue of fact as to whether the defendants made any material misrepresentations to the public administrator, the Supreme Court properly granted the defendants' motion for summary judgment, in effect, dismissing the cause of action alleging fraud, and, in effect, properly denied the plaintiffs' cross-motion for summary judgment, in effect, on the cause of action alleging fraud. Angiolillo, J.P., Dickerson, Lott and Miller, JJ., concur.